**J.** HOWARD MARK, Appellant, *v.* WILLIAM FRITSCH et al.,
Respondents.

**Motor vehicles — duty of persons running automobiles on public
highways — action for collision — charge.**

The fundamental principle of conduct in the movement of automobiles
is that of reasonable care and accommodation, measured by the imme-
diate circumstances of each case and exercised by each traveler for the
purpose of affording to the other his just and reasonable rights in the
highway.

The duty of a person running a motor car on the highway, toward one
following at a more rapid pace, is to yield room enough for the latter
to pass when it is needful and practicable so to do and he is thereunto
requested.

Where a collision occurred between two motor cars while defendants' car
was attempting to pass that of plaintiff, a request to charge "that
there was no legal duty on the part of the plaintiff to stop his machine
so as to enable the defendant to pass," was *held* to be properly refused
under the circumstances.

*Mark* v. *Fritsch*, 126 App. Div. 920, affirmed.

(Argued April 9, 1909; decided May 4, 1909.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
May 18, 1908, affirming a judgment in favor of defendants
entered upon a verdict and an order denying a motion for a
new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Charles E. Snyder* for appellant. The trial court erred in
refusing to charge the request of the plaintiff " that there was
no legal duty on the part of the plaintiff to stop his machine so
as to enable the defendants to pass." (*Austin* v. *N. J. S. Co.*,
43 N. Y. 75; *The Charles Morgan*, 6 Fed. Rep. 913; *The
Ant*, 10 Fed. Rep. 294; *Kelsey* v. *Barney*, 12 N. Y. 425;
*Adolph* v. *C. P. Ry. Co.*, 76 N. Y. 534; *Burnham* v. *But
ler*, 31 N. Y. 480; *Altenkirch* v. *N. B. Co.*, 127 App. Div-
309; *Thomas* v. *Royster*, 98 Ky. 206; *Young* v. *Cowden*, 98

Tenn. 586; *Adams* v. *Swift*, 172 Mass. 521; *Knowles* v. *Crompton*, 55 Conn. 343; *Azone* v. *Conway*, 52 Iowa, 568; *Foster* v. *Goddard*, 40 Me. 64.)

*Hartwell Cabell* for respondents.    The court below did not err in refusing to charge " that there was no legal duty on the part of the plaintiff to stop his machine so as to enable the defendants to pass."    (*Adolph* v. *C. P., N. & E. R. R. R. Co.*, 76 N. Y. 530.)

HISCOCK, J.    The plaintiff and defendants were traveling in the same direction on a country highway in two automobiles, the former being in front.    Evidently the dust raised by the front car made it uncomfortable for whoever was in the rear, and the defendants apparently had the faster car and desired to pass.    At least once and perhaps three times before the occurrence of the trouble complained of defendants asked the plaintiff to allow them to pass and finally they attempted to do this.    In the doing of it, according to the defendants, plaintiff unnecessarily and intentionally crowded in towards them on the highway, and according to the plaintiff the defendants unnecessarily and intentionally crowded in toward him until under the fear of collision, even though it did not actually occur, he was forced from the highway and his machine injured.    Obviously, if either party did the things charged against him by the other he was guilty of gross misconduct which, if it was the plaintiff, would bar him from any right of recovery.    In the controversy thus raised the jury accepted the view of the defendants and their verdict, of course, is decisive if reached under proper instructions.    The plaintiff, however, insists that such instructions were not given and by this contention presents the only questions which are subject to our consideration.

The general rules governing the movement of automobiles except as modified by statute are the same as those which as the result of long usage have been formulated for the government of simpler vehicles such as wagons.

The fundamental principle of conduct is that of reasonable care and accommodation measured by the immediate circumstances of each case and exercised by each traveler for the purpose of affording to the other his just and reasonable rights in the highway. When two cars meet, it is the duty of each so far as practicable to yield to the other the space and opportunity necessary for its safe and convenient passage. In the case of two cars traveling in the same direction the front one has the superior right and may maintain its position in the center of the highway if there is sufficient space on its left as prescribed by statute (An act in relation to the registration and identification of motor vehicles and the use of the public highways by such vehicles, chap. 538, Laws of 1904, sect. 4, subd. 1) to enable the approaching car safely and conveniently to pass. If the position of the forward car in the center of the highway does not leave such room for passage, then it must upon request or equivalent notice, if practicable and safe, so turn aside as to leave such room for passage. If at the moment there is not sufficient room in which it can do this, it is its right, and it is the duty of the rear car, to wait until a place is reached where this may be done. The obligations apply which in the case of a traveler by wagon have been expressed as follows: "His duty is summed up, in keeping on his way, avoiding collision with those whom he meets, and in yielding way enough for those behind him to pass, when it is needful and practicable so to do, and he is thereunto requested." (*Adolph* v. *Cent. Park, N. & E. R. R. Co.*, 76 N. Y. 530, 534.)

In the application of these rules it is manifest that what would be construed as reasonable care and safe conduct in the case of a light and slow moving wagon oftentimes would not amount to such conduct in the case of heavy and rapidly moving cars.

The trial judge in his main charge, as we think, fully and carefully explained to the jury the principles which were to govern them in passing on the conduct of the present litigants. The counsel for the appellant does not dispute this,

but insists that the court erred in refusing to charge specific requests made by him. It is so manifest that the court ruled correctly in all of the instances called to our attention, save one, that we do not regard it necessary to discuss them. One request, however, is especially pressed on our attention and may be briefly noticed. The court was requested and declined to charge, " That there was no legal duty on the part of the plaintiff to stop his machine so as to enable the defendants to pass."

We think that several answers may be made to the allegation of error in this refusal.

In the first place, the request does not seem to have any practical application to the actual controversy here presented. The defendants claimed not that plaintiff was at fault by reason of not stopping his car, but because he deliberately crowded them on the highway. In the second place, we do not think that it could be said as a matter of law that the plaintiff was under no obligation to stop his car for the purpose of allowing defendants to pass when it became apparent that there might be a collision, if such threatened collision was accidental and unexpected. And, lastly, as a general proposition we are not willing to say that reasonable respect for the rights of another in a highway might not under some circumstances require an automobile temporarily to stop in order to let the other pass. As we have already suggested, such cars present risks and require care in their movement such as would not be incidental to the proper management of lighter vehicles. Under ordinary circumstances, the forward car would not be compelled to stop in order to let the rear one pass, but might wait until a space was reached where such passage might be accomplished in safety without any stop. But, on the other hand, a country highway might be such that for miles there would be no proper opportunity for one car to pass another while both were in motion, but plenty of opportunity for such passage if the forward car pulled aside and stopped for a few seconds. Under such circumstances, we think a jury might very well

find that it was extremely unreasonable for a slow moving car to hold up one in the rear desiring to pass it by refusing upon reasonable request to give such an opportunity as has been suggested for passage. The statute upon this subject provides: "Any such person so operating a motor vehicle shall, on overtaking any such  *  *  *  other vehicle, pass on the left side thereof, and the  *  *  *  driver of such  *  *  * other vehicle shall, as soon as practicable, turn to the right so as to allow free passage on the left." This statute is to be construed reasonably with reference to the rights of all parties. It certainly does not contemplate or permit reckless driving of a fast motor vehicle· whereby slower ones are wrongfully crowded or frightened out of the road. Neither should it be so construed as to encourage aggravating conduct upon the part of the slower going machine in front whereby the faster one is unnecessarily and unreasonably held back and annoyed.

The judgment should be affirmed, with costs.

Cullen, Ch. J., Gray, Edward T. Bartlett, Werner, Willard Bartlett and Chase, JJ., concur.

Judgment affirmed.