# Overton *v.* Bush.

*Damage for Injury in Collision.*

(Decided Nov. 14, 1911.   Rehearing denied Dec. 14, 1911.
56  South.  852.)

1. *Negligence; Pleading; Allegation of Duty.*—Where the complaint alleged that while plaintiff on his motor cycle was proceeding on the right side of the street, and in the same direction as, and very close behind defendant, in his automobile, defendant negligently, suddenly and without warning turned his automobile across the the plaintiff's course causing a collision, sufficiently attributes to the defendant a duty of not turning abruptly across plaintiff's course without warning, within the rule that it is generally sufficient, when the gravamen of an action is nonfeasance or misfeasance, for the complaint to aver the facts out of which the duty to act springs, and that the defendant was negligent in the performance of his duty.

[Overton v. Bush.]

2. *Same.*—Where the complaint alleges in general terms that the turning of defendant's automobile causing a collision with plaintiff's motorcycle was negligent, and the complaint though mentioning some features of this act of negligence, does not set them out as constituting the negligence charged or undertake to detail the facts or circumstances relied on as rendering defendant's act negligent, such complaint is not within the rule that where a complaint avers negligence in general terms, and then sets out the particular act as constituting the alleged negligence, it is demurrable, unless such acts in themselves amount to negligence.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Oron Overton against Albert P. Bush, for damages for injuries to person and property growing out of a collision between an automobile and motorcycle. Judgment for defendant and plaintiff appeals. Reversed and remanded.

WEBB & MCALPINE, for appellant. The court erred in sustaining the demurrer to amended count 1.—*K. C. M. & B. v. Flippo,* 138 Ala. 487; *Postal T. Co. v. Jones,* 133 Ala. 226; *L. & N. v. Jones,* 83 Ala. 376; *L. & N. v. Marbury L. Co.* 125 Ala. 237; *M. & C. v. Martin,* 117 Ala. 367; Watson on Damages, pp. 144, 176-7; Berry's Law of Automobiles, sec. 125, and chapter 8. On these authorities it is also insisted that the court erred in sustaining the demurrers to the amended count 2.

STEVENS & LYONS, for appellee. If the demurrers were properly sustained to the amended complaint, then, as a matter of course, they were properly sustained to the original complaint. Demurrers 5, 6, 10, and 11, were properly sustained to both counts of the amended complaint.—*Daniels v. Carney,* 148 Ala. 81. Demurrers 8 and 9 were also properly sustained to the amended count.—*Western Ry. v. Mutch,* 97 Ala. 196; *Newhaus v. Miller,* 35 Ind. 463. Counsel discuss other assign-

ments of error, but in view of the opinion, it is not deemed necessary to here set them out.

WALKER, P. J.—As the argument in behalf of the appellant is confined to the action of the trial court in sustaining the demurrers to the two counts of the complaint as they were amended, those rulings alone will be considered. The amended first count avers that on a date named, "while the plaintiff was riding a motorcycle on the north side of Government street, going west, and was at or near the intersection of Rapier avenue and Government street, two of the public streets of the city of Mobile, a servant of the defendant, to wit, the chauffeur, in charge of an automobile, which he was then and there driving, in the line and scope of his employment and duties as a servant of the defendant, the name of the chauffeur, as plaintiff avers, being unknown to the plaintiff, negligently turned the said automobile, with unnecessary suddenness, and without warning of any character, across the course that the plaintiff was traveling, and, in so doing negligently brought about a collision between plaintiff's said motorcycle and the said automobile." The amended second count is in the main similar in its averments, but it alleges that the automobile was proceeding in the same direction that plaintiff was proceeding, "a very short distance ahead of plaintiff's said motorcycle, and that the defendant's servant in charge of the automobile, "then and there acting within the line or scope of his employment and his duty to his employer, the defendant, negligently, and without warning of any character to the plaintiff, turned the said automobile across the course that plaintiff was traveling; the said turn being made with such suddenness as to negligently cause the said motorcycle and the

said automobile to collide." Each of the counts alleges in due form that, as a proximate result of the collision, the plaintiff was injured and damaged in person and property.

It is not questioned that it is settled in this state that when the gravamen of the action is the alleged nonfeasance or misfeasance of another, as a general rule it is sufficient for the complaint to aver the facts out of which the duty springs, and that the defendant was negligent in the performance of such duty, and that it is not necessary to define the quo modo, or to specify the particular acts of diligence he should have employed in the performance of such duty; that, the duty to exercise care being shown, the failure to perform that duty, the negligence causing the injuries complained of, may well be averred in the most general terms, little, if at all, short of the mere conclusions of the pleader.—*Louisville & Nashville R. Co. v. Church*, 155 Ala. 329, 46 South. 457, 130 Am. St. Rep. 29; *Postal Telegraph Cable Co. v. Jones*, 133 Ala. 217, 32 South. 500; *Louisville & Nashville R. Co. v. Marbury Lumber Co.*, 125 Ala. 237, 28 South. 438, 50 L. R. A. 620.

But it is insisted in behalf of the appellee that the complaint fails to show that any duty was owing to the plaintiff. The complaint shows that the defendant's automobile was being driven along a city street, upon which at the same time the plaintiff was riding on his motorcycle; the two vehicles being near enough to each other for the negligent operation of the one to result in the disaster of the other. The driving of an automobile on a public highway necessarily imposes upon the person in charge of its operation the duty of exercising reasonable care to avoid inflicting wrong and injury upon others who may lawfully be using the same high-

[Overton v. Bush.]

way. The complaint sufficiently shows that the defendant, through his employe, had assumed this duty, and that the plaintiff, because of his use at the same time of the same highway, and in such proximity to the automobile as to be endangered by its negligent operation, was in a position to entitle him to claim to be at that particular time a person to whom the duty imposed upon the defendant was owing.

It is suggested that the duty mentioned is not one owing by a driver of a vehicle to a traveler in the rear, who is going in the same direction, and that, therefore, neither of the counts under consideration show that the plaintiff was in a position to complain of any deflection of the automobile from the course in which it had been running, as the second of those counts avers. that the automobile was ahead, while it may be presumed, from the allegations of the first of those counts, that such was the case, as it does not aver that the fact was otherwise. No good reason is advanced for putting such a limitation upon the duty of a person having charge of a vehicle on a public highway. While the driver of the vehicle has the right to turn to the one side or the other, and to use any part of the highway not at the time lawfully occupied by another, yet this. right must be exercised in such a reasonable manner as not unduly to interfere with the lawful use of the highway by others, whether they be in front, on the side, or in the rear, and whether they are going in the same or in the opposite direction. Plainly, it is possible for the condition of traffic in a city street to be such at a given time that an abrupt stopping or turning aside of a vehicle may involve danger to a traveler in the rear who is going in the same direction. The choice by a traveler of the part of the highway to be used by him.

must be reasonable, in view of the circumstances surrounding his exercise of the right. When a collision between two vehicles occurs on the one in front making a turn, the result may be attributable either to the failure of the driver of the rear vehicle to be duly watchful of the one in front, and to be prepared for any change in its direction that may reasonably be anticipated, or to the negligence of the driver of the front vehicle in making the turn in such a way or under such circumstances as to render the collision unavoidable by the other driver. While it cannot be said that under all circumstances it is the duty of a driver of a vehicle in a city thoroughfare to give a signal to vehicles that may be following of his intention to turn, neither can it be said that an abrupt turn of a vehicle in such a place may not be so made as to constitute the act negligence in reference to another vehicle in the rear which is moving in the same direction. The question as to which driver was at fault and responsible for the collision depends upon the circumstances of the occurrence.—*Rand v. Syms,* 162 Mass. 163, 38 N. E. 196; *Bierbach v. Goodyear Rubber Co.* (C. C.) 14 Fed. 826; 37 Cyc. 272. In each of the counts under consideration the fault is attributed to the person in charge of the front vehicle.

It is further urged in behalf of the appellee that each of the counts in question was subject to demurrer on some of the grounds assigned, because each of those counts sets out the facts relied on as constituting negligence, and the facts so alleged do not constitute negligence. It is a familiar rule that where a complaint in general terms avers negligence, and then sets out the particular act or acts as constituting the alleged negligence, unless such act or acts in themselves amount to negligence, the complaint is demurrable.—*Johnson v.*

*Birmingham Railway, L. & P. Co.,* 149 Ala. 529, 43 South. 33. But we are of the opinion that this is not a case for the application of that rule. In each of the counts under consideration the allegation is made in general terms that the turning of the automobile was negligent, and some features of this negligent act are mentioned; but they are not set out as constituting the negligence charged. Neither of those counts undertakes to detail the facts or circumstances relied upon as rendering the act of the driver of the automobile negligent. We are of opinion that, under the rule above stated, each of those counts sufficiently shows the existence of a duty owing to the plaintiff, and the negligent breach of that duty by the defendant, and that neither of them was subject to demurrer on any of the grounds stated.

Reversed and remanded.