# Southern Garage Co. *v.* Brown.

*Damages for Injury to Automobile and Mules.*

(Decided May 14, 1914. 65 South. 400.)

1. *Master and Servant; Liability to Third Person; Burden of Proof.*—Where the action was against a garage company for injuries to an automobile while in the possession of a servant of the garage company, the burden was on the garage company to show that the car was not damaged for want of ordinary care on the part of its servants.

2. *Same; Scope of Employment.*—A master is answerable for the acts of his servants or his negligence, while acting within the line and scope of his employment.

3. *Same; Pleading; Issue, Proof and Variance.*—Where the action was brought in the name of the owner of an automobile for the use of the insurer of the automobile against a garage company for damages to the automobile, plaintiff was not required to prove the interest of the insurance company, as the only effect of bringing the action for the use of such insurance company was to declare a use for the company; it merely estopped plaintiff to deny to the company the right to the proceeds.

4. *Livery Stable Keeper; Injury to Property; Negligence of Servant.*—Where, pursuant to a contract with the owner of an automobile, the garage company sent its servant for the automobile, it was liable for the injuries to the automobile caused by the servant's negligence, although the accident happened while the servant was on a trip of his own and not acting within the line and scope of his duties, for under all the circumstances the possession of the automobile by the servant was the possession of defendant.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by W. S. Brown for the use of the Southern States Fire & Casualty Insurance Company, against the Southern Garage Company, to recover money paid under protest, the same having been furnished by said insurance company. Judgment for plaintiff, and defendant appeals. Affirmed.

The substance of the complaint was that defendant operated a garage in the city of Birmingham, and, in connection with its other business, cared for, repaired,

delivered, and called for its customer's automobiles;
that plaintiff had a contract with defendant, whereby
among other duties defendant was to call for plain-
tiff's car when requested to do so, and to carry its said
car to its garage, to be there kept until called for by
plaintiff; that on April 8, 1911, or about that date,
plaintiff requested defendant to send to his residence
and get said car; and that one of defendant's employees
did call for and take away said car, and, shortly after
leaving plaintiff's residence, said employee of defend-
ant so negligently operated said car that as a proximate
consequence thereof he ran into a team of mules, kill-
ing one of the mules and injuring the other, and greatly
damaging plaintiff's automobile. Plaintiff averred that
the Southern States Fire & Casualty Insurance Com-
pany, with whom plaintiff had a policy of insurance on
plaintiff's automobile, and for whose use its action was
brought, paid the owner of said team of mules $252 in
settlement of the damage suffered by the owner as a re-
sult of injuring the mules, and that plaintiff had paid to
defendant under protest for repairs and new parts of
said automobile, which would necessitate, by reason of
the damage of said car on account of said accident, the
sum of $132.87, said money being furnished plaintiff by
said insurance company. And plaintiff averred that
said injuries and damages were proximately caused by
reason of the negligence of defendant, its servants or
agents, acting in the line and scope of his employment
as such in the operation of said car. The proof tended
to show that on the day of the accident Mr. Brown had
requested that his car be sent for, and that the Southern
Garage sent Dave Whitfield, a regularly employed chauf-
feur of the Southern Garage, for the car, and that in
taking the car back to the garage the chauffeur took it
out about the cotton mill in Avondale about 2 miles

east of plaintiff's residence, and about 2½ miles east of the garage, and it was there or about there that the accident happened. Defendant stated that the chauffeur had no business out there for the company, and that when he took the car out there he was not acting within the line and scope of his employment. The company also admitted the repairs, and that they were necessitated by the collision. The charge made the basis of assignment of error 2 is as follows:

If you believe from the evidence that defendant's chauffeur was at the time of said accident using said automobile for a purpose of his own, then your verdict must be for defendant.

Assignment of error 3:

If you believe from the evidence that defendant instructed said chauffeur to get plaintiff's automobile, and bring it to the garage, and that after said servant got said automobile, he took the same without the knowledge or consent of defendant, and went to Avondale for a purpose of his own not connected with his employment by defendant, your verdict must be for defendant.

The record shows that during the progress of the trial, plaintiff's attorney withdrew from the complaint all the claims for damages growing out of the killing and injuring of the mule, and the payment by the insurance company of the money in settlement thereof, and the court instructed the jury not to consider it.

FRANK L. WARD, for appellant. Being a contract of bailment appellant was only required to exercise ordinary diligence.—*Seals v. Edmondson,* 71 Ala. 509; 3 A. & E. Enc. of Law, 742; *Haas v. Taylor,* 80 Ala. 46. Certainly the servant was not acting within the line and scope of his employment when he turned aside and went

[Southern Gaarge Co. v. Brown.]

to Avondale for his own purpose.—5 L. R. A. (N. S.) 599; 1 A. & E. Enc. of Law, 1155; *Blackburn v. Barker,* 1 Ala. 173. A master is not liable for the torts of his servant unless done within the range of his employment. —104 Ala. 611; 70 Ala. 268; 39 South 727; 21 Am. Rep. 597, and authorities supra. There was no proof relative to the insurance company and the insurance policy, and this was fatal to recovery.—§ 2490, Code 1907; *Ex parte Bromberg,* 25 South. 994.

LAMKIN & WATTS, for appellee. Although upon his private business the possession by the servant of the automobile was the possession of the master under the circumstances in this case.—60 L. R. A. 313; 36 Am. St. Rep. 361. The only effect of a statement that the suit was brought for the use of the insurance company is to estop plaintiff from denying that the proceeds should go to the company.

SAYRE, J.—Plaintiff (appellee) sued defendant (appellant) for that defendant, having possession of plaintiff's automobile under a contract of bailment for the benefit of both parties, defendant's servant, acting within the line and scope of his employment as such, negligently caused said automobile to be greatly damaged. the Reporter will briefly state the facts.

Defendant insists that it was entitled to the general charge on two grounds: (1) Defendant having sent a competent chauffeur for the machine with instructions to bring it directly to the garage, and the chauffeur having taken the machine out of the way on some errand of his own to a distant part of the city where it was damaged in a collision, the burden was on plaintiff to show negligence on the chauffeur's part in the immediate circumstances of the collision, which the plaintiff did not

undertake to do; (2) plaintiff failed to show the insurance company's interest in the suit.

1. It was for defendant to show that plaintiff's machine had not been damaged by the negligence of its servant to whom it was intrusted. Without dispute, the servant had received possession of the property by virtue of his employment and his employer's contract of bailment, and it had been damaged while in his possession. The burden is upon the bailee to show that property damaged while in his possession was not so damaged by want of ordinary care on his part.—*Higman v. Camody,* 112 Ala. 267, 20 South. 480, 57 Am. St. Rep. 33; *Weller v. Camp,* 169 Ala. 275, 52 South. 929, 28 L. R. A. (N. S.) 1106. The master is answerable for the negligence of his servavnt acting within the line and scope of his employment. It follows, hence, that the trial court did not mislocate the burden of proof by its refusal to give the general charge requested by defendant.

2. The only effect of bringing the suit to the use of the insurance company was to declare a use for the company. With that defendant had no concern, and it was not necessary that plaintiff should adduce proof on the subject. The suit by plaintiff to the use of the insurance company operated merely as an estoppel on plaintiff to deny, as against the company, its right to the proceeds.

3. There was no error in refusing to defendant the charges made the subjects of assignments of error numbered 2 and 3. The fact that the chauffeur took the automobile to Avondale out of the proper way for some purpose of his own did not relieve the defendant of responsibility for its safe-keeping. At the time of the mishap to the machine defendant's servant had not completed the service it was his duty to perform. He was still engaged upon that service, though performing it con-

trary to his master's command and making his performance serve a purpose of his own. As we have said, he had possession by virtue of his employment and his employers' contract of bailment. If he had acquired possession without the master's knowledge or consent, express or implied, or if, having acquired possession by the master's express command, as evidently he did, he had in the operation of the machine negligently caused injury to a stranger to the contract, a different question would be presented about which there might possibly be more or less difficulty. But on the facts here shown, and on the principles already stated, we think there can be no doubt that the possession of defendant's servant was the possession of defendant, and that defendant was answerable for its servant's negligence in the matter of the safe-keeping of the automobile, notwithstanding the latter's divagation from the strict line of his duty.

4. The thing was informally done, but the complaint was in effect amended during the progress of the trial so as to eliminate the allegation in reference to the insurance company, and so the point was taken out of defendant's demurrer, if any it had.

No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFENRIED, JJ., concur.