GAUTIER v. LANGE.

(Supreme Court, Appellate Term, First Department. March 4, 1915.)

1. HIGHWAYS (§ 184*)—USE BY AUTOMOBILES—ACTION—INSTRUCTIONS.
   In an action to recover damages for injuries to an automobile from a collision with defendant's automobile, where the jury might have found that plaintiff's automobile was on the left of the center of the highway, and that defendant overtook it, sounded a horn, and was left barely room to pass on the left side, the jury should have been given the law governing the situation.

   [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 471–474; Dec. Dig. § 184.*]

2. HIGHWAYS (§ 176*)—USE BY AUTOMOBILES—OVERTAKEN AUTOMOBILE.
   If the position of an overtaken car in the center of a highway does not leave room for passage, it must, upon request, or equivalent notice, if practicable and safe, so turn aside as to leave room for passage.

   [Ed. Note.—For other cases, see Highways, Cent. Dig. § 465; Dec. Dig. § 176.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Ida Gautier against Gustave Lange, Jr. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

James T. Brady, of New York City (Ralph Barnett, of New York City, of counsel), for appellant.

Lewis F. Glaser, of New York City, for respondent.

SHEARN, J. Appeal by defendant from a judgment entered on the verdict of a jury, and from an order denying defendant's motion for a new trial, in an action to recover damages for injuries to plaintiff's automobile, caused by a collision with defendant's automobile while both were traveling in the same direction on a highway in Pennsylvania.

The law was not given to the jury correctly on the relative rights and duties governing the management of automobiles in the situation presented. Plaintiff's claim is that her automobile was on the extreme right of the highway, which was from 20 to 25 feet wide, and that while traveling 15 miles an hour the left front hub of her automobile was struck by the right rear wheel of defendant's automobile, which came up from behind without warning and passed at the rate of 30 miles an hour.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Defendant's claim is that plaintiff's automobile was to the left of the center of the highway; that for a considerable time defendant had been traveling behind plaintiff's car in the dust; that defendant desired to pass the slow-going vehicle and sounded a horn from a position 200 yards in the rear until plaintiff's car was overtaken; that there was barely room to pass on the left, even leaving the roadway and scraping along a stone wall on the extreme left; and that plaintiff's car, instead of yielding any room, which was entirely practicable, edged over further to the left and thus caused the collision.

[1, 2] Defendant's counsel requested the court to charge:

"That plaintiff was obliged, as soon as practicable after knowing of the presence of the car of the defendant, to turn and yield him the road."

The court responded:

"There is no such absolute right. The rule is that a slow-going vehicle should give way to a quick-going vehicle. But that does not mean that a man who is lawfully in the highway must pull aside and let a man go by him in a fast automobile at any rate of speed the following vehicle choses to assume."

The court also refused to charge:

"That, if the jury is satisfied that this accident would not have happened if the plaintiff had turned out of this road upon reasonable notice by the defendant, the plaintiff cannot recover."

If the plaintiff's car was on the extreme right, these requests to charge would not have been applicable. If, however, as the jury might well have found, the relative position of the automobiles was as defendant contended, the requests were very pertinent, and the jury should have been given the law governing this situation. Such law is well settled:

"If the position of the forward car in the center of the highway does not leave such room for passage, then it must, upon request or equivalent notice, if practicable and safe, so turn aside as to leave such room for passage." Mark v. Fritsch, 195 N. Y. 282, 284, 88 N. E. 380, 381 (22 L. R. A. [N. S.] 632, 133 Am. St. Rep. 800); Adolph v. Central Park, N. & E. R. R. Co., 76 N. Y. 530, 534.

While the defendant might have been held negligent in attempting to pass in so narrow a space at such a rate of speed, nevertheless, in determining this, the jury should have understood that, assuming defendant's version to be true, defendant had a right to expect the plaintiff to turn to the right and yield sufficient room for defendant to pass as soon as it became evident that defendant was endeavoring to pass. The jury must have understood, from the charge and from the court's refusal to charge as requested, that there was no real obligation resting on plaintiff to yield any room, even if entirely practicable, and that defendant's liability was to be determined upon the assumption that he had no right to expect the plaintiff to yield him more room. In other words, if the jury found from the evidence that the relative position of the automobiles in the roadway was as testified to by defendant's witnesses, the instructions as to how to deal with this situation were contrary to the settled law governing, namely:

"The fundamental principle of conduct is that of reasonable care and accommodation, measured by the immediate circumstances of each case and exercised by each traveler for the purpose of affording to the other his just and reasonable rights in the highway." Mark v. Fritsch, supra.

There were other errors justifying a reversal, notably the court's refusal at first to charge that plaintiff must show freedom from contributory negligence, upon the assumption that the Labor Law amendment applied; but these need not be considered.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.