(81 South. 361)

HESTER v. HALL.  (8 Div. 563.)

(Court of Appeals of Alabama.  Feb. 4, 1919. Rehearing Denied March 18, 1919.)

1. APPEAL AND ERROR ⇐440—AMENDMENT OF JUDGMENT AFTER APPEAL — JURISDICTION.

After appeal from judgment had been perfected, trial court was divested of jurisdiction, and could not amend judgment appealed from by reducing amount thereof.

2. HIGHWAYS ⇐172(1)—USE—DEGREE OF CARE.

An automobile is not excluded from common right of use of public highways, and proprietor or operator thereof is only liable for the consequences of negligence in such use.

3. HIGHWAYS ⇐172(1) — USE — DEGREE OF CARE.

The operator of an automobile on a public highway must use such care as a reasonably prudent man would under like circumstances; the highest degree of care not being exacted.

4. HIGHWAYS ⇐183 — KILLING OF HOGS —LIABILITY OF OPERATOR OF AUTOMOBILE.

Where plaintiff's hogs, not on the highway, suddenly darted into the road just as defendant's automobile got alongside of them and got under his car, resulting in their being killed, there could be no recovery; killing being due to an unavoidable accident.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Suit in justice court by W. P. Hall against Claude Hester. From judgment for plaintiff, defendant appealed to the circuit court, where the cause was there tried by the court without a jury, with a like result, and defendant appeals. Reversed and rendered.

William Stell, of Russellville, for appellant. William H. Key, of Russellville, for appellee.

BRICKEN, J.  Suit was brought in the justice of the peace court by appellee against appellant for damages for killing two hogs by running over them with an automobile. From judgment for plaintiff, defendant appealed to the circuit court, and the cause was there tried by the court without a jury, resulting in judgment again being rendered against defendant.

The evidence is without material conflict, and shows that appellant, while driving his automobile at a rate not greater than 10 to 15 miles an hour over the public highway, ran over and killed two small hogs of the value of $5, the property of plaintiff. The evidence is also undisputed that the hogs were not in the public road at the time the automobile turned the curve around the store of appellee, some 50 yards distant from the place of the accident, but that they were on the outside of the road, and just as the automobile got even or alongside of the hogs they suddenly darted into the road and under the car, which resulted in their being killed.

[1] At the conclusion of the testimony, defendant moved the court to exclude the evidence and render judgment for the defendant, on the ground that plaintiff had failed to make out a case. This motion was overruled, and the court rendered judgment against the defendant for $25. This judgment was made and entered on June 26, 1917. On August 28, 1917, the defendant appealed from said judgment, and on that date filed an appeal bond as required by law. After the appeal bond had been perfected, and on September 21, 1917, the court, upon motion of plaintiff, amended the judgment formerly rendered by reducing the amount thereof to $5. The action of the court in this respect was error, as the court had been divested of all jurisdiction of said case when the appeal from its judgment had been perfected. De Bardeleben v. State, 16 Ala. App. 367, 77 South. 979.

[2, 3] An automobile is not excluded from the common right of the use of the public highways of this state, and the proprietor or operator thereof is only liable for the consequences of negligence in such use. The degree of care to be observed by the operator of an automobile in a public highway is that care which a reasonably prudent man would observe under like circumstances. "The 'highest degree of care' is not exacted." Reaves v. Maybank, 193 Ala. 614, 69 South. 137.

[4] It is evident from the undisputed facts in this case that the killing of the hogs in question was due to an unavoidable accident. There is no evidence of any character which tends to show that injury to the hogs was the result of negligence upon the part of appellant. We are of the opinion, therefore, that the court erred in rendering judgment against the defendant. This judgment being

---

⇐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

without authority of law is reversed, and a judgment here rendered in favor of the defendant. Acts 1915, p. 824.

Reversed and rendered.