(94 South. 177)

### GOVERNMENT STREET LUMBER CO. v. OLLINGER. (1 Div. 452.)

(Court of Appeals of Alabama. Feb. 21, 1922. Rehearing Denied May 16, 1922.)

**1. Highways ☞176—Duty of driver as to car behind stated.**

When two automobiles are being driven along a public road in the same direction, the driver of the front car owes no duty to the rear car except to use the road in the usual way, and until he has been made aware of it, by signal or otherwise, he may assume, either that there is no other automobile in his rear, or that, being there, it is under such control as not to interfere with his free use of the road in any lawful manner.

**2. Highways ☞176—Rules applicable to city streets apply to county highways where motorist aware of near approach of other cars.**

Where the driver of an automobile along a public highway in the country is aware of the near approach of other cars from the rear, the rule applicable to city streets applies, but the facts must be specially pleaded.

**3. Highways ☞184(1)—Rights of driver on public road available under general issue in rebutting imputation of negligence injuring car approaching from rear.**

Where the charge is that of simple negligence in the operation of an automobile along the public road, resulting in damage to a car approaching from the rear, the rights of defendant are available under the general issue in rebutting the imputation of negligence.

**4. Highways ☞176 — Car ahead need turn aside to allow rear car to pass only on request or equivalent notice.**

Where two automobiles are traveling the public road in the same direction, the one ahead has the superior right, and it is only on request or equivalent notice that he must turn aside so as to leave sufficient room for the rear car to pass.

**5. Highways ☞176—Driver of car approaching from rear must look out for car ahead.**

A driver of an automobile on a public road, upon approaching another automobile from the rear, must look out for the man ahead, and must have his machine well in hand to avoid injuring the car ahead, so long as the man ahead is driving in accordance with his rights.

**6. Highways ☞176—Driver of rear car must signal and be reasonably assured that driver of front car knew of his presence before passing.**

If two automobiles are traveling in the same direction along a public highway and the driver of the rear car wants to pass, he must not only sound his horn, but before attempting to pass, he must be reasonably assured that the driver ahead knew he was behind, had heard the request and accorded the right of way, before the driver of the car ahead can be charged with negligence in failing to give the right of way by reason of an usual use of the roadway.

**7. Highways ☞184(1)—Pleas in suit for collision between automobiles held to require too high a degree of care.**

Where two automobiles were traveling along the public highway in the same direction, and the rear car was injured by striking the front car as it was turning out of the highway to the left, pleas that defendant's driver signaled for a left turn without knowing of the presence of plaintiff's automobile, or that it intended to pass him, and that plaintiff's driver failed to signal that he intended to pass, *held* demurrable as requiring too high a degree of care.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Highways** ⬥176—**Plea of contributory negligence in automobile collision case held good.**

Where two automobiles were traveling along a public road in the same direction, and the rear car collided with the first one as it made a left turn to leave the highway, a plea of contributory negligence, based upon the failure of the driver of the rear car to signal that he intended to pass, *held* good.

**9. Highways** ⬥176—**Driver of rear car attempting to pass front car held not guilty of contributory negligence.**

Where two automobiles were traveling in the same direction along a public highway, and the rear car, attempting to pass, collided with the first as it was turning to the left out of the highway, plaintiff was not guilty of contributory negligence in attempting to pass defendant's car; it appearing that on plaintiff's giving signals defendant immediately turned to the right, thereby justifying plaintiff in acting upon the assumption that defendant had heard the signal and yielded the right of way, to which he was entitled under Acts 1911, p. 642, § 20.

**10. Highways** ⬥176—**Automobile driver making left turn on highway held not negligent in doing so without signal.**

Where two automobiles were traveling in the same direction along a public highway, and the rear car attempted to pass the first one just as it was turning to the left out of the highway, and was injured, the driver of the front car was not guilty of negligence in turning to the left without signaling if he did not know of the approach of the rear car.

**11. Damages** ⬥64—**That insurer had paid damages from automobile collision held no defense.**

In an action for injuries sustained in a collision between automobiles on a highway, pleas that an insurance company had paid plaintiff his damages *held* demurrable, since the right of action remained in plaintiff, and whether the insurance company, by reason of having paid the damage, was entitled to the proceeds of the recovery, was of no concern to defendant.

On Rehearing.

**12. Highways** ⬥184(3)—**Crossing road without stopping, looking, or listening not negligence as a matter of law.**

It will not be said as a matter of law that a person is guilty of negligence if in crossing a country road he fails to stop, look, and listen.

**13. Highways** ⬥176—**When neither party may recover for unavoidable accident stated.**

If two automobiles were traveling in the same direction along a public road, and the driver of the first car had no notice of the approach of the car from the rear, and turned to the left without signal, whereby the rear car collided with him, and if, preparatory to turning into a side road, he turned slightly to the right, thereby misleading the driver of the rear car into the belief that his signal for passing the front car had been heard, neither party is entitled to recover in an action for simple negligence.

**14. Trial** ⬥194(16)—**Instruction in automobile collision case held to invade province of jury.**

Where two automobiles were traveling in the same direction along a public road, and the rear car collided with the front car as the latter was turning to the left to leave the highway, it was error to charge that, if the driver of the rear car, before attempting to pass, blew his horn loud enough for the driver of defendant's car to have heard it, and the driver of the front car drove his car to the right, and suddenly turned to the left without any signal; it being for the jury to say on all the evidence whether defendant had notice of the approach of plaintiff's car.

**15. Highways** ⬥176—**Rights to use of road by first of two automobiles traveling in same direction stated.**

Where two automobiles were traveling in the same direction along a public highway, the use and occupation of the road must be reasonable; it must not unduly obstruct the road, and the reasonableness of the use depends on the frequency of the use of the road by others.

**16. Highways** ⬥184(4)—**Instruction in automobile collision case refused as requiring too high a degree of care.**

Where two automobiles were traveling along a public road in the same direction, and the rear car collided with the forward one as it turned to the left to leave the highway, a charge that the driver of the rear car was under duty to be duly watchful of defendant's automobile, and to be prepared for any change in its direction which might have reasonably been anticipated, *held* properly refused as requiring too high a degree of care.

Appeal from Circuit Court, Mobile County; Joel W. Golesby, Judge.

Action by Charles G. Ollinger against the Government Street Lumber Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Certiorari denied 94 South. ——.

The complaint reads as follows:

"Plaintiff claims of the defendant $1,000 for that, on, to wit, May 21, 1920, the plaintiff's automobile was being driven east on Old Shell road, in Mobile county, Ala., when the defendant's automobile, being operated by a duly authorized agent acting within the line and scope of his employment, negligently drove the said automobile across the said road, causing the plaintiff's automobile to collide with the defendant's automobile and with an oak tree along the side of the road, and as a proximate result of said negligence the plaintiff's automobile was badly damaged and broken, the crank case to the said automobile was broken, the front axle was badly bent, the chassis was badly bent and twisted, the wheels were damaged, the fenders on said automobile were crushed and bent, the hood to said automobile was badly bent, the bumper was broken and bent, the running board was destroyed, and said

automobile was otherwise injured, all to plaintiff's damage as aforesaid."

#### Defendant's plea A reads as follows:

"And for further plea in its behalf the defendant says that the driver of plaintiff's automobile was himself guilty of negligence which proximately contributed to the damages to plaintiff's automobile, in this: Plaintiff's automobile and defendant's automobile were proceeding in the same direction upon Old Shell road, in Mobile county, Ala., the defendant's automobile being ahead of plaintiff's automobile; that preparatory to turning into a side road entering Old Shell road on the left-hand side thereof, the driver of defendant's automobile held out his left hand and sounded his horn, as signals that he was going to turn out of the public road into said side road; that thereupon the driver of defendant's automobile did start turning out of Old Shell road into said side road, without knowing of the presence of plaintiff's automobile, or that the driver of plaintiff's automobile intended to pass him, and at said time the driver of plaintiff's automobile did negligently attempt to pass defendant's automobile, to the left-hand side thereof, without making known to the driver of defendant's automobile, by signal or otherwise, that he intended to pass defendant's automobile, and, as a proximate result thereof, the two automobiles collided."

#### Plea C reads:

"And for further plea in its behalf to the complaint the defendant says that the driver of plaintiff's automobile was himself guilty of negligence which proximately contributed to the damages to plaintiff's automobile, in this: That the automobiles of plaintiff and defendant were proceeding in the same direction upon Old Shell road, in Mobile county, Ala., the defendant's automobile being ahead of plaintiff's automobile; that at the time of said accident the driver of plaintiff's automobile negligently attempted to pass defendant's automobile, without giving notice to the driver of defendant's automobile of his intention, by signal or otherwise, and at said time the driver of defendant's automobile did not know that the driver of plaintiff's automobile intended to pass defendant's automobile, and as a proximate result thereof the two automobiles collided."

#### Plea F reads:

"And for further plea in its behalf to the complaint the defendant says that the plaintiff ought not to have and maintain this suit because he was paid in full for all damages sustained by his said automobile, before the institution of this suit, by the United States Casualty Company, the insurer of his said automobile against collision, and that all his right to damages had been subrogated to the United States Casualty Company, and plaintiff has no further interest in this suit."

#### Plaintiff filed the following replications:

"(1) That before attempting to pass the defendant's automobile the driver of the plaintiff's automobile sounded a loud horn and the driver of the defendant's automobile drove said automobile to the right side of the road, leaving sufficient room to his left for plaintiff's automobile to pass had the defendant's automobile not turned suddenly to the left.

"(2) That as the driver of plaintiff's automobile approached within a short distance behind defendant's automobile he gave a loud signal with an automobile horn, and the defendant's automobile promptly turned to the right side of the road, whereupon plaintiff's automobile increased its speed and attempted to pass to the left of defendant's automobile, when suddenly defendant's automobile was turned to the left and across the road, causing the collision as alleged in the complaint."

The following charges requested by defendant were refused by the trial court:

"(7) The court charges the jury that, where two cars are proceeding in the same direction on a public road, the car in front has the right to occupy any part of the said public road that the driver of same may desire to occupy, and, unless he is seasonably notified of the intention of the car behind to pass him, has the right to turn across or out of said public road."

"(9) The court charges the jury that the driver of plaintiff's automobile was under duty to be duly watchful of the defendant's automobile, and be prepared for any change in its direction that might have reasonably been anticipated at said time, and, if you are reasonably satisfied from the evidence that the driver of the defendant's automobile seasonably signaled the driver of the plaintiff's automobile, by holding out his left hand, of his intention to turn out of Old Shell road, then your verdict must be for the defendant."

"(13) The court charges the jury that, if you believe from the evidence that the place where the collision occurred was not frequently traveled by automobiles or other vehicles, and that the driver of defendant's automobile had no reason to believe that an automobile was approaching him from the rear, and did not know that plaintiff's automobile was approaching him from the rear, then the driver of defendant's automobile was under no duty to hold out his hand or give other signal of his intention to turn across or out of the road into a private driveway or street."

Charge 1 given at the request of plaintiff reads as follows:

"1. The court charges you, gentlemen of the jury, that, if you believe from the evidence that the driver of the plaintiff's automobile before attempting to pass the defendant's automobile blew his horn loud enough for the driver of the defendant's automobile to have heard it, and the driver of the defendant's automobile drove his car to the right-hand side of the road, and then suddenly turned shortly across the road to the left without giving any signal to the driver of the plaintiff's automobile, and by so doing caused the damage to the plaintiff's automobile, as alleged in the complaint, you must find for the plaintiff."

Armbrecht, Hand & Meredith and S. M. Johnston, all of Mobile, for appellant.

The duty is upon those in charge of the automobile approaching and attempting to

pass to have the car under such control as not to collide with the forward vehicle. 196 Ala. 670, 72 South. 305; 2 Ala. App. 623, 56 South. 852; 168 Mo. App. 240, 153 S. W. 527. When the insurance company has paid all damages sustained, the assured has no further interest in the suit, and it can only be brought by the insurance company in the name of assured, for its use. 201 Ala. 585, 79 South. 7, L. R. A. 1918F, 142; 196 Ala. 234, 72 South. 48; (D. C.) 235 Fed. 578 (C. C.) 165 Fed. 258; 111 U. S. 584, 4 Sup. Ct. 566, 28 L. Ed. 527.

Smiths, Young & Leigh, of Mobile, for appellee.

There is no error in sustaining demurrer to a plea, where the benefit of the matter alleged therein is had in other pleas. 145 Ala. 639, 39 South. 603, 117 Am. St. Rep. 61; 144 Ala. 286, 39 South. 822, 113 Am. St. Rep. 39; 1 Ala. App. 422, 56 South. 10; 17 Ala. App. 606, 88 South. 36; 17 Ala. App. 148, 82 South. 638; 205 Ala. 80, 87 South. 546. Pleas requiring the driver of plaintiff's automobile not only to give a reasonable signal to defendant's driver, but that he actually make known to him that he wishes to pass, are bad. The matter set up in plea F was admissible under the general issue, and there was no error in sustaining demurrer to said plea. 205 Ala. 186, 87 South. 577; 204 Ala. 604, 86 South. 906; 17 Ala. App. 646, 88 South. 29; 202 Ala. 665, 81 South. 621.

SAMFORD, J. [1, 2] When two automobiles are being driven along a public road in the same direction, the relative duties the one owes to the other are to be governed somewhat by the circumstances of the particular case. The driver of the front car owes no duty to the rear or trailing car except to use the road in the usual way, in keeping with the laws of the road, and until he has been made aware of it, by signal or otherwise, he has a right to assume, either that there is no other automobile in close proximity to his rear, or that, being there, it is under such control as not to interfere with his free use of the road in front of and to the side of him in any lawful manner. In the absence of facts or circumstances that would put him on notice of the near approach of another automobile from his rear, the driver may drive slow or fast, select the parts of the road best suited to travel, stop or start at will, or turn into side roads, without the giving of signals of such intentions. Of course the rule would be different on the streets of a city, where the passage of automobiles along the streets is constant and frequent, requiring of all drivers of motor vehicles a high degree of care and watchfulness, this of itself being sufficient notice of the near approach of other cars, and under the same circumstances, known to the driver,

the same rule as applied to city streets would apply to county highways; but to be applicable, the facts must be specially pleaded, which is not done in this case.

[3] In a case where the charge is that of simple negligence in the operation of an automobile along the public road, resulting in damage to a car approaching from the rear, the rights of the defendant, as outlined above, would be available to him under the general issue in rebutting the imputation of negligence.

[4] Where two automobiles are traveling the public road in the same direction, the one ahead has the superior right, and may continue to maintain its position, and it is only on request or "equivalent notice" that it must turn aside so as to leave sufficient room for the rear car to pass. Mark v. Fritsch, 195 N. Y. 282, 88 N. E. 380, 22 L. R. A. (N. S.) 632, 133 Am. St. Rep. 800; Morrison v. Clark, 196 Ala. 670, 72 South. 305.

[5-7] It is the duty of a driver operating an automobile, upon approaching another automobile from the rear, while both cars are traveling in the same direction, to exercise a greater degree of care. He must look out for the man ahead, realizing that the man ahead is engaged in handling a high-power, dangerous machine, requiring constant attention and quick action, and that his lookout is ahead, and not behind. He must have his machine well in hand to avoid doing injury to the car ahead, so long as the man ahead is driving in accordance with his rights. If the driver of the rear car wants to pass he must not only sound his horn, but before he attempts to pass he must be reasonably assured that the man ahead knew he was behind, had heard the request, and accorded the right of way, before the driver of the car ahead can be charged with negligence in failing to give the right of way by reason of an usual use of the roadway. But, in order to acquit himself of contributory negligence, the driver of the rear car does not necessarily have to make known to the driver of the forward car his presence and desire to pass. If the road is wide enough, and the way appears open, and it appears that passing may be had without injury or accident, and the driver gives notice of his approach and desire to pass in the usual way, whether the driver of the forward car has actual knowledge of such warning or not, the driver of the rear car would not on that account be guilty of negligence. Plea A and corresponding pleas, require too high a duty in this respect, and are demurrable. While not exactly in point, the following authorities shed light upon the proposition, and are persuasive to the conclusions reached. Overton v. Bush, 2 Ala. App. 623, 56 South. 852; Morrison v. Clark, 196 Ala. 670, 72 South. 305; 2 R. C. L. p. 1194, § 29; Huddy on Automobiles (5th Ed.) § 256.

[8] In line with the foregoing plea C was

held to be a good plea, which ruling is here affirmed, on the idea that the notice there alleged to have been given was the usual and reasonable notice usual in such cases.

[9] The case to this point presents a charge against the defendant of general negligence in the operation of his automobile and an answer of contributory negligence on the part of defendant in attempting to pass without giving notice and without the knowledge of defendant. The reply of plaintiff was by way of confession and avoidance. The plea alleged no notice or knowledge on the part of the defendant. The replication alleged what was done by way of giving notice, and the act of defendant apparently in response thereto, and the sudden change of the act of defendant. If the allegations in the replications are true, the plaintiff was not guilty of contributory negligence in attempting to pass defendant's car, although defendant may have actually had no knowledge. Having given notice by sounding his horn, and seeing defendant immediately turn to the right, plaintiff had a right to act upon the reasonable appearance of things, and to assume that defendant had heard the signal and yielded the right of way, to which he was entitled under section 20, Acts 1911, p. 642. And, while the replication may not be as complete as might be, such defects are not reached by the grounds assigned.

The testimony of the witness Jagoe was sufficient, if believed by the jury, to prove plaintiff's replication, and therefore defendant was not entitled to the general charge upon the proposition that there was no evidence to sustain the replication.

[10] If the defendant did not know of the approach of plaintiff's car, and, without knowing or being in possession of such facts as would charge him with knowledge, turned shortly across the road for the purpose of entering a side driveway or for any other lawful purpose, without giving a signal to a man whom he did not know and had no reason to believe was approaching, he would not be guilty of actionable negligence; the rule being that the driver of an automobile on a public highway must use such care as a reasonably prudent man would use under such circumstances. Hester v. Hall, 17 Ala. App. 25, 81 South. 361.

The charges refused to defendant asserting the foregoing proposition, when properly drawn, should have been given, but, in view of the fact that the whole theory of this case has been fully discussed in rulings on pleading, we deem it unnecessary to further discuss it here.

[11] Demurrers to plea F and similar pleas were properly sustained. The right of action remained in plaintiff, and as to whether the insurance company, by reason of having paid the damage, was entitled to the proceeds of the recovery was of no concern to defendant.

So. Garage Co. v. Brown, 187 Ala. 484, 65 South. 400.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

### On Rehearing.

The writer acknowledges the dignified and courteous, though forceful, criticism, in brief of appellee's counsel, of the court's failure to pass upon each charge given at the request of appellee and those refused to appellant. The court was of the opinion that it had stated the law of the case with sufficient clearness to guide the trial court in another trial, and sought to avoid the unnecessary labor incident to the passing upon form and contents of each of the written charges drawn by skillful lawyers and drawing narrow distinctions. Judging from the briefs filed, appellant's counsel found no difficulty in understanding and digesting the court's opinion.

[12] It will be observed that the negligence complained of in this case is the sudden turning of the defendant's automobile across the road at a time when plaintiff's automobile was attempting to pass. There is no allegation or proof that the driver of defendant's automobile was a deaf-mute, daydreamer, or drinking, or was otherwise incapacitated to expertly handle the machine he was driving, as suggested in appellee's brief. If so, and injury had proximately resulted therefrom, such would have been the subject of pleading and proof. Nor do we think the traffic on country roads has reached proportions where it can be said, as matter of law, that a person is guilty of negligence if, in crossing the road, he fails to stop, look, and listen, or even if he fails to stop, look, or listen. For aught that appears in this case, either by pleading or proof, the accident occurred on a country road, the drivers of both cars were capable and normal, the driver of defendant's car had no notice of the approach of a car from his rear, and no reason to believe one was in close proximity to him, or if there was that it was not under complete control. Under these conditions he turned slightly to the right of the road, preparatory to turning into a road leading off from the main road, to the left, and upon reaching the side road turned into it, thus suddenly bringing his car across the road at a time when plaintiff's car was attempting to pass, after having acquitted itself of negligence, and mistakenly believing that defendant's driver had heard the warning and accorded it the right of way.

[13] If these are the facts in the absence of evidence of subsequent negligence the accident was unavoidable, and neither party could recover in an action for simple negligence.

As we tried to point out in the original opinion, the rule would be different in town

or city where the constant traffic itself would require a greater degree of care, or even on a county highway, where the traffic had become so heavy and frequent as to itself constitute notice.

[14] In line with the foregoing, charge 1 given at the request of appellee was error. Under our view of this case, before defendant could be charged with negligence by turning shortly across the road to the left, as it is alleged was done in this case, the driver of the forward car must have had notice of the approach of the plaintiff's car, or such facts must have been proven as to have been in law equivalent to notice. The testimony may be to the effect that the horn was blown loud enough for defendant's driver to have heard, but as to whether he heard or not was a conclusion to be drawn by the jury, and charges of this character invade the province of the jury, as it is for the jury to say, on a consideration of the whole evidence, whether the defendant had notice.

No facts having been shown that the place where the accident occurred was other than an ordinary country road, charge 6 as requested by defendant asserts a correct proposition of law, and was given by the court, and rendered the giving of charge 3 so far as it defined defendant's right to the road unnecessary, but the charge is faulty in that it requires too much of plaintiff. If the plaintiff gave a signal, and defendant appeared to have heard it, and apparently answered it by turning to the right of the road, the plaintiff would not be guilty of contributory negligence, by acting upon the reasonable appearance of things.

Charge 5 we think is covered by charge 6.

[15] Charge 7 goes too far in asserting the rights of a forward car on the public road. Its use and occupation of the road must be reasonable; it must not unduly obstruct the road, and the reasonableness of the use depends on the frequency of the use of the road by others.

[16] Charge 9 required too high a degree of care on the part of plaintiff's driver, and for that reason was bad.

Charge 10 is an argument.

Charge 12 was covered by other charges.

Charge 13 is the law, and should have been given, and embraces the same principle as set out in charge 8.

Opinion extended. · Application overruled.