141 So. 264

### HOUSTON v. SMITH.
### 4 Div. 858.

Court of Appeals of Alabama.

April 5, 1932.

T. E. Buntin, of Dothan, for appellant.

J. R. Ramsey, of Dothan, for appellee.
Brief did not reach the Reporter.

BRICKEN, P. J.

Appellee brought suit against appellant for damages for an alleged injury to her cow by negligently running over, against, or into said cow with an automobile. The action originated in the justice court and there resulted in a verdict for plaintiff. Defendant (appellant) appealed to the circuit court; the trial was had by jury, and resulted in a similar verdict. From the judgment in the circuit court, this appeal was taken.

Before entering upon the trial in the circuit court, the defendant interposed an objection to the case being tried by jury on the ground that no proper demand had been made by plaintiff for trial by jury. And in this connection the record shows there is indorsed on the appeal bond from the justice of the peace court: "Plaintiff demands trial by jury." It does not appear that the purported demand for trial by jury was signed by plaintiff or her counsel; to the contrary, there is no signature to the purported demand, nor does it bear any date to show when the demand was made. The court overruled defendant's objection, and the exception reserved to this action of the court is the principal insistence of error on this appeal.

In all causes in the circuit court brought by appeal or certiorari from judgments of justices of the peace, the issue and question of fact must be tried by the judge of the court without a jury unless a demand for a trial by jury be made in writing and filed in the cause by the party suing out the appeal or certiorari within ten days after suing out the same, or filed in the cause by the opposite party within ten days after he has been served with notice of the appeal or certiorari; and the failure to demand in writing a jury trial as provided shall be deemed and held a waiver of the right to a trial by jury. Sections 8596, 8597, Code 1923. The right or privilege to demand a trial by jury is conferred by statute, and, in order to be effective, the requirements and provisions of the statutes must be complied with. Robinson v. Newton Grocery Co., 200 Ala. 528, 76 So. 854. Sections 8594 and 8595, of the Code of 1923, provides the manner in which a trial by jury must be demanded. The purported demand for trial by jury in this case does not comply with the requirements of the statute; it is without date, and bears no signature of the plaintiff or her counsel; and there is no "filing" of the purported demand in the circuit court. It was therefore ineffective, and the court erred in holding to the contrary.

We are of the opinion that appellant's counsel was correct in the insistence that, before the witness Sidney McCalvin should be permitted "to give the jury some idea as to how fast the defendant was driving," he should have been qualified as to his knowledge upon the question under inquiry. A witness may not be permitted to testify as to his "idea," opinion, or judgment, unless it is first shown that he is familiar with the matter about which he is asked to testify. Over the objection and exception of the defendant, this witness was permitted to testify, without having been qualified in any manner, and, in response to the question, "Can you give the jury some idea as to how fast he was driving?" answer, "Something like 40–45 or 50 miles an hour."

In the case of Hester v. Hall, 17 Ala. App. 25, 81 So. 361, this court said: "An automobile is not excluded from the common right of the use of the public highways of this state, and the proprietor or operator thereof is only liable for the consequences of negligence in such use. The degree of care to be observed by the operator of an automobile in a public highway is that care which a reasonably prudent man would observe under like circumstances. The 'highest degree of care' is not exacted.'" See, also, Reaves v. Maybank, 193 Ala. 614, 69 So. 137.

Reversed and remanded.