[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14419
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 29, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-01829-CV-5-CLS

JOHN ROMANO,

Plaintiff-Appellee,

versus

PORSCHE CLUB OF AMERICA, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(March 29, 2007)**

Before TJOFLAT, HULL and COX, Circuit Judges.

PER CURIAM:

After a bench trial, the district court entered judgment for John Romano against

Porsche Club of America, Inc. ("PCA"), Cary C. Collins, and Charles P. Swanson.

The district court found that PCA, Collins, and Swanson were jointly and severally liable for the damages caused when Swanson crashed Romano's 1970 Porsche 908/3, a valuable vintage race car, into a telephone pole. PCA appeals the judgment, arguing that it has no liability to Romano. In what he labels a cross-appeal, Romano argues that the district court erred in refusing to award him damages for loss of use of the vehicle during the time required to repair it.

We find no reversible error in the district court's finding of liability. The district court did not err in finding that a bailment for hire had been created between PCA and Romano when Jon Lowe (on behalf of PCA) and Dale Miller (on behalf of Romano) agreed that the Porsche would be displayed at the Dixie Tech 2002 event and would be stored in Collins's garage before and after the event. (R.3-62 at 33.) Neither did the court err in finding that the bailment had not been terminated on the date of the accident; that Swanson, Secretary of the Heart of Dixie chapter of PCA, negligently operated the Porsche; and that Collins, also a Heart of Dixie member, negligently allowed Swanson to operate the vehicle. (R.3-62 at 17, 22, 36-37.) Because PCA had a duty to exercise reasonable care to safeguard the Porsche, and it was negligent in performing that duty, it is liable to Romano. *See Southern Garage Co. v. Brown*, 65 So. 400, 401 (Ala. 1914).

Because Romano filed no notice of appeal, we lack jurisdiction to entertain his arguments regarding the damages award. *Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1541 (11th Cir. 1986) (citing Fed. R. App. P. 4(a)(3)).

AFFIRMED.