[No. 12207.  In Bank. — March 26, 1889.]

# MICHAEL FINNEY, RESPONDENT, v. FORREST D. CURTIS, APPELLANT.

VICIOUS ANIMAL — KNOWLEDGE OF OWNER — NEGLIGENCE. — The owner of an animal not naturally vicious is not liable for injury done thereby, unless it is affirmatively shown not only that it was vicious, but that the owner had knowledge of the fact, or that he was so negligently handled by the owner as to cause the injury. When no negligence appears, the mere fact that a horse became unmanageable on the occasion of the injury does not prove that he was vicious or generally unsafe, or that the owner's representation that he was gentle was untrue.

ID. — REPRESENTATION OF OWNER — INSTRUCTION. — An instruction that if the defendant "represented the horse which he had harnessed to be gentle, and by such representations induced the plaintiff to approach and take hold of the horse, and if the horse was not gentle, and the plaintiff was, without negligence on his part, injured by said horse, then the defendant is responsible for the injury sustained by the vice of the horse," is erroneous in making the defendant liable without reference to whether he had knowledge that the horse was vicious, and without reference to the intent with which the representation was made.

ID. — LIABILITY FOR REPRESENTATION — GUARANTY — KNOWLEDGE OF FALSITY — NEGLIGENCE. — Such instruction is erroneous, as equivalent to holding that the defendant guaranteed that the horse was gentle. The defendant would be responsible for the injury if the representation was known to be untrue, or was carelessly made, and the plaintiff, acting in reliance thereon, received the injury. (Per THORNTON, J., concurring.)

ID. — KNOWLEDGE OF FALSITY — PURPOSE OF REPRESENTATION. — The defendant was not liable for the representation that the horse was gentle, unless he either knew the representation to be false, or had no reasonable ground for believing it to be true, nor unless it was made for the purpose of inducing the plaintiff to act as he did. (Per BEATTY, C. J., concurring.)

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*George M. Gill,* and *S. D. Woods,* for Appellant.

The instruction was erroneous in withdrawing the question of negligence from the jury. (*Illinois Central* v. *Mills,* 42 Ill. 407; *Texas & P. R. W. Co.* v. *Murphy,* 46 Tex. 356; *Sawyer* v. *Eastern Steamboat,* 46 Me. 400; 74

Am. Dec. 463–465; *Meyer* v. *Pacific R. R.*, 40 Mo. 131; *Walters* v. *C. R. I. & P. R. R. Co.*, 41 Iowa, 71; *Barden* v. *Boston etc. R. R. Co.*, 121 Mass. 426; *Greenwood* v. *Callahan*, 111 Mass. 299; *Kenworthy* v. *Ironton*, 41 Wis. 647; *Miss. Cent. R. R. Co.* v. *Mason*, 51 Miss. 234; *Selma etc. R. R. Co.* v. *Fleming*, 48 Ga. 514; *Joyner* v. *Great Barrington*, 118 Mass. 464, 465; *Evansville etc. R. R. Co.* v. *Wolf*, 59 Ind. 89.) A misrepresentation of fact creates no liability, unless it is made for the purpose and with the design of procuring the other party to act, and is knowingly or willfully untrue. (Pomeroy's Eq. Jur., secs. 878–880, 884, 888; *Weed* v. *Case*, 55 Barb. 534; *Tryon* v. *Whitmarsh*, 42 Mass. 1; *Hartford Ins. Co.* v. *Mathews*, 102 Mass. 221; *Kinney* v. *Osborne*, 14 Cal. 112; *Biddle Boggs* v. *Merced M. Co.*, 14 Cal. 280; *Combs* v. *Jelly*, 28 Cal. 498; *Davidson* v. *Jordan*, 47 Cal. 351; *Helbing* v. *Svea Ins. Co.*, 54 Cal. 156; Civ. Code, sec. 1709.) The owner of a vicious animal is not responsible for its viciousness, unless known to him. (Shearman and Redfield on Negligence, secs. 188, 306.) The owner of an animal is not responsible for temporary unmanageability. (*Kennedy* v. *New York*, 73 N. Y. 365; 29 Am. Rep. 160; *Brown* v. *Collins*, 53 N. H. 442; 16 Am. Rep. 372.)

*J. C. Campbell*, and *Terry, Campbell & Terry*, for Respondent.

If the defendant made the statement as a fact that the horse was gentle, and the horse was not gentle, and the plaintiff was induced to approach the horse by such statement, and was injured thereby, it makes no difference in his liability whether he had any knowledge of the vicious character or not; he should not state as true that of which he had no positive knowledge. (Civ. Code, sec. 1710; *Cockrill* v. *Hall*, 65 Cal. 327; *Alvarez* v. *Brannan*, 7 Cal. 507; 68 Am. Dec. 274; Pomeroy's Eq. Jur., secs. 880, 881; *Bennett* v. *Judson*, 21 N. Y. 238; *Craig* v. *Ward*, 36 Barb. 377; *Young* v. *Covell*, 8 Johns. 23; 5 Am. Dec. 316.)

Works, J.—Action for damages for personal injuries done the plaintiff by defendant's horse. Trial by jury, verdict for plaintiff for three thousand five hundred dollars, judgment accordingly, motion for new trial overruled, defendant appeals. The gist of the complaint is, that the defendant, knowing his horse to be vicious, induced the plaintiff to assist him in an attempt to hitch the horse to a wagon, by falsely stating to him that the horse was gentle; that plaintiff did attempt to assist him, whereupon the horse became unmanageable, knocked the plaintiff down and trampled upon him, breaking his leg, so that amputation became necessary. There was a demurrer to the complaint, which was properly overruled. The answer denied all of the material allegations of the complaint. Some questions are raised upon rulings relating to the admission and exclusion of evidence, but we have found no material errors in any of these rulings.

The court, at the request of the plaintiff, gave the following instruction:—

"The court instructs the jury that if they believe from the evidence that the defendant, Forrest Curtis, represented the horse which he had harnessed to be gentle, and by such representations induced the plaintiff to approach and take hold of the horse, and if they believe that the horse was not gentle, and the plaintiff was, without negligence on his part, injured by said horse, then the defendant is responsible for the injury sustained by the vice of the horse."

The giving of this instruction is assigned as error. The question is elaborately discussed in the briefs. There appears to be some doubt in the mind of counsel whether the action is founded on fraud or negligence, and the elementary principles relating to each are learnedly discussed, and numerous authorities cited and quoted from at length. The appellant favors us with twenty-three printed pages on this question alone in his original brief,

and his reply contains fourteen additional pages on the same subject. We desire to give to the arguments of counsel a full and careful reading, but such a brief as this is wholly unnecessary and burdensome. What we need for the proper consideration of a case is a clear, brief statement of the point made, with a citation of authorities bearing directly upon them. Long quotations from authorities are unnecessary. We can read the original quite as conveniently. Where the quotation contains a brief statement of the point relied upon, it is proper, but not otherwise. We call attention here to what seems to be the growing tendency of attorneys to over-burden us with long briefs, to no purpose but to delay us in our work, and to weaken the presentation of their cases.

The instruction is erroneous. It makes the defendant liable without reference to his knowledge of the vicious nature of the horse. The rule is well settled that the owner of an animal, not naturally vicious, is not liable for an injury done by such animal, unless it is affirmatively shown, not only that it was vicious, but that such owner had knowledge of the fact. (Shearman and Redfield on Negligence, secs. 187, 188; 3 Sutherland on Damages, 53.)

This case differs from ordinary cases, in that the plaintiff was induced to put himself in a place of danger by the respresentation of the defendant that the horse was gentle. The defendant being the owner of the horse, he had a right to rely upon this statement and act upon it. But the instruction was erroneous for another reason. It makes the defendant liable without reference to the question whether he had knowledge that the horse was vicious, or not. The fact that the plaintiff was injured by the horse does not prove that the horse was vicious. The instruction practically assumes this by the closing words: "Then the defendant is responsible for the injury sustained *by the vice of the horse.*"

The instruction is also objectionable for the reason

that it makes the defendant liable for the representation that the horse was gentle, without any reference to the intent with which it was made. The defendant testifies that he told plaintiff the horse was gentle, and he did not need his assistance to hook him to the wagon.

The only other question necessary for us to determine is as to the sufficiency of the evidence to sustain the verdict. As to its insufficiency we entertain no doubt. In order to support a verdict for the plaintiff, it was necessary to show either that the horse was of a vicious disposition, or that he was so negligently handled by the defendant as to cause the injury. Neither is shown. There is nothing in the evidence even tending to show that the horse had ever shown an evil disposition before the time of the injury, or that he had ever done so since up to the time of the trial. It appears that the horse was young and not broken to harness, which was known to plaintiff as well as defendant; that plaintiff attempted to assist the defendant to put him to a wagon with another horse; that while plaintiff was at his head he plunged, struck the plaintiff down, and trampled him under foot, breaking and mangling his leg, so that it had to be amputated soon after. It does not appear that the injury resulted from the negligence of either the plaintiff or the defendant. The mere fact that the horse became unmanageable on the occasion of the injury does not show that he was vicious or generally unsafe, nor does it prove that the statement of the defendant that the horse was gentle was untrue. (*Kennedy* v. *Mayor*, 73 N. Y. 365; 29 Am. Rep. 160.)

So far as the evidence shows, the statement made by the defendant, that the horse was gentle, may have been entirely true. If so, there is no ground upon which the verdict can be upheld.

There are other questions argued in the briefs, but the conclusion we have reached renders it unnecessary to consider them.

Judgment and order denying a new trial reversed and cause remanded.

SHARPSTEIN, J., and McFARLAND, J., concurred.

THORNTON, J., concurring.—I concur in the judgment, on the ground that the court below erred in giving the instruction quoted and commented on in the opinion of Justice Works.

The instruction makes the defendant responsible if to his knowledge the horse was gentle and free from vice, provided the jury find that the horse was not gentle. This is equivalent to holding that the defendant guaranteed that the horse was gentle, and was therefore bound to indemnify the plaintiff for any damage which he suffered by the vicious act of the horse. If the defendant knew that the horse was not gentle, and represented to the plaintiff that he was, and the plaintiff, relying on such representation, and induced by it, assisted defendant in hitching him, and while rendering this assistance suffered from the vicious conduct of the horse, he (the defendant) would be responsible. The defendant would also be responsible, if in ignorance of the fact whether the horse, which was an unbroken colt, was gentle or not, he carelessly represented to plaintiff that he was gentle, and the plaintiff relied on such representation, and acting on it, received an injury.

I find no other error in the record.

BEATTY, C. J., concurring.—I concur in the judgment, on the ground that the instruction commented upon was not sufficiently guarded. The jury should not have been told that the defendant was responsible if he induced the plaintiff to take hold of the horse, by representing him as gentle, when in fact he was not gentle. The defendant was not liable unless, in addition to his representation contrary to the fact, he either knew the repre-

sentation to be false, or had no reasonable ground for believing it to be true.

Nor was the defendant liable, in my opinion, unless the representation was made for the purpose of inducing the plaintiff to act as he did; and the evidence is conflicting as to whether the defendant, at the time he made the statement that the horse was gentle, told the plaintiff that he desired his assistance, or desired him to keep away.