[S. F. No. 2736. Department Two.—January 14, 1904.]

ALEC FRIES, a Minor, by his Guardian ad Litem, etc., Respondent, v. AMERICAN LEAD PENCIL COMPANY, Appellant.

MASTER AND SERVANT—ACTION BY MINOR—ERRONEOUS INSTRUCTIONS—CREDIBILITY OF TESTIMONY.—In an action by a minor child to recover damages for injuries sustained while in the employ of the defendant, an instruction that the jury are to judge of the credibility of the testimony introduced before them "by the appearance of the witnesses who have appeared on the witness-stand, and their interest as it may appear in the case," is an erroneous and injurious departure from the plain and explicit language of the law as embodied in sections 1847 and 2061 of the Code of Civil Procedure.

ID.—FAILURE TO INSTRUCT CHILD AS TO DANGER—MEASURE OF DAMAGES—FEELINGS OF JURY—INJURY PROXIMATELY CAUSED.—An instruction to the jury that if they believe from the evidence that the defendant failed to instruct the child as to the danger surrounding the work where he was employed, and that by reason of that failure the child was injured, then it would be their duty to give the child such an amount of damages as they "feel he is entitled to, not exceeding the amount prayed for in the complaint," is prejudicially erroneous, as substituting their emotional feelings of sympathy for the injured child, instead of the measure of damages prescribed by section 3333 of the Civil Code, as the amount which will compensate for the injury proximately caused thereby.

ID.—INTELLIGENCE OF CHILD—KNOWLEDGE OF DANGER—NEGLIGENCE OF DEFENDANT NOT CONTRIBUTING TO INJURY.—An instruction that if the jury should find from the evidence that the child was possessed of such intelligence that he knew of and was familiar with the danger surrounding the work, "and that the negligence of the defendant did not contribute to the injury," they should find for the defendant, is clearly erroneous. If the negligence of the defendant did not contribute to the injury, that alone was an end to the defendant's liability, without regard to the other considerations; and if the child knew and was familiar with the danger surrounding the work, no negligence could be imputed to the defendant. for failure to instruct him as to the danger; and even if its negligence did contribute to the injury, nevertheless, if plaintiff was himself negligent, there can be no recovery.

ID.—NEGLIGENCE OF CHILD—ERROR IN REFUSING INSTRUCTION.—The court erred in refusing to give an instruction requested by the defendant, that "the law requires of a child suing for personal injury care and prudence equal to its capacity, and if you find from the evidence that the plaintiff in this action knew of the character

of the machine which caused his injury, and was aware òf its dangerous character, and, knowing that fact, went to speak to the person operating said machine, and carelessly and negligently placed his hand on the machine, so that the injury to plaintiff occurred or was inflicted without fault on the part of the defendant, then your judgment will be in favor of the defendant."

APPEAL from a judgment of the Superior Court of Fresno County.  J. R. Webb, Judge.

The facts are stated in the opinion of the court.

L. L. Cory, and C. H. Wilson, for Appellant.

It is only where the presumption of truth is overcome that the jury may judge of the weight and credibility of a witness.  (Code Civ. Proc., sec. 1847; *People* v. *McLane,* 60 Cal. 412.)  The court erred as to the measure of damages, and left it to the mere caprice or feelings of the jury, and its error is ground of reversal.  (Civ. Code, secs. 3281, 3333; *Chidester* v. *Ditch Co.,* 53 Cal. 56; *Lombardi* v. *California etc. Co.,* 124 Cal. 311, 318; *Wales* v. *Pacific etc. Co.,* 130 Cal. 512, 523; *Lathrope* v. *Flood,* 135 Cal. 458, 460; *Erie Iron Works* v. *Barber,* 102 Pa. St. 156-163.)  If plaintiff knew of and was familiar with the danger, the defendant is not responsible.  (*Rodgers* v. *C. P. R. R. Co.,* 67 Cal. 608; *Baxter* v. *Roberts,* 44 Cal. 187-192;[1] *Studer* v. *Southern Pacific Co.,* 121 Cal. 400-409;[2] *McGraw* v. *Friend etc. Lumber Co.,* 120 Cal. 574-577; *Long* v. *Coronado R. R. Co.,* 96 Cal. 269-273; *Winans* v. *Sierra Lumber Co.,* 66 Cal. 61-65; *Maumus* v. *Champion,* 40 Cal. 121-125.)  Defendant's third request was a correct statement of the law, and should have been given. (Bailey on Master's Liability, p. 114; *Buckley* v. *Silverberg,* 113 Cal. 673-682; *Peoria etc. Ry. Co.* v. *Pluckett,* 42 Ill. App. 642; *Chicago etc. R. Co.* v. *Lewis,* 109 Ill. 132.)

A. M. Drew, and Frank H. Short, for Respondent.

The plaintiff was entitled to a verdict on the evidence and an erroneous instruction does not prejudice the defendant. (*Green* v. *Ophir etc. Co.,* 45 Cal. 522; *Estate of Spencer,* 96 Cal. 454; *Hughes* v. *Wheeler,* 76 Cal. 230; *Aguirre* v. *Alex-*

---

[1] 13 Am. Rep. 160.    [2] 66 Am. St. Rep. 39.

*ander,* 58 Cal. 39; *In re Briswalter,* 72 Cal. 110; *Chalmers*
v. *Chalmers,* 81 Cal. 81; *Estate of Burrell,* 77 Cal. 479.)   The
rule as to equal knowledge, or equal means of knowledge, of
the danger does not apply where the child is of tender years
and immature judgment. (*Rosenberg* v. *Durfee,* 87 Cal. 545;
*Fiske* v. *Central Pacific R. R. Co.,* 72 Cal. 43;[1] *Ingerman* v.
*Moore,* 90 Cal. 410;[2] *Elledge* v. *Nevada etc. R. Co.,* 100 Cal.
282.[3])

HENSHAW, J.—Plaintiff sued to recover damages for
personal injuries sustained while in the employ of the de-
fendant at its lead-pencil factory.   He had been engaged to
assist an older brother, who was sawing blocks of wood into
little slabs from which the pencils are made.   The brother was
running a small circular saw, and it was the duty of the plain-
tiff to bring to the machine the blocks which were being sawed,
and to gather up and tie into bundles the slabs that fell from
the machine to the floor.   Although plaintiff's employment
was about the machine, he was not concerned with the ma-
chine nor with the saw.   While engaged in his occupation
his brother called to him to give him some directions, and as
he stood near his brother to receive them his hand came in
contact with the revolving saw and the accident occurred.
The complaint charges the defendant with negligence in
failing to instruct the plaintiff as to the dangers of his em-
ployment.   The verdict was for plaintiff, and from the judg-
ment defendant appeals.

1. The sole instruction which the court gave upon the
credibility of witnesses, and the weight to be accorded to
their testimony, was in the following language: ''In this case
you are the judges of the weight and credibility of the testi-
mony that has been introduced before you, and you are to
judge of that by the appearance of the witnesses who have
appeared on the witness-stand, and their interest as it may
appear in the case.''   This is a departure from the plain and
explicit language of the law.   The Code of Civil Procedure
says (sec. 1847): ''A witness is presumed to speak the truth.
This presumption, however, may be repelled by the manner in

[1] 1 Am. St. Rep. 22, and note.        [3] 38 Am. St. Rep. 293.
[2] 25 Am. St. Rep. 138.

which he testifies, by the character of his testimony, or by evidence affecting his character for truth, honesty, or integrity, or his motives, or by contradictory evidence; and the jury are the exclusive judges of his credibility.'' If, to meet the needs of a case, amplification of this rule is desirable, that also will be found in section 2061 of the same code. Here the jury were told that the weight and credibility of the testimony given by a witness was to be measured by the *appearance* of the witness as he was presented to them. Such is not only not the law, but it is in hostility to the law. The law says that the presumption of truth-telling may be repelled by the *manner* in which the witness testifies, together with the *character* of his testimony. The *appearance* of the witness upon the stand is but one of the elements going to make up the manner in which he testifies, and to limit the jury in weighing the evidence to the appearance alone, and to charge them, as here they were charged, that the appearance of the witness alone is to govern them, is an error as injurious as it is unnecessary.

2. The court further instructed the jury: ''If in this case you believe from the evidence that the defendant in this case failed to instruct the child as to the danger surrounding the work where it was employed, and that by reason of that failure to instruct the child the child was injured, then it will be your duty to give the child such amount of damages as you feel it is entitled to, not exceeding the amount prayed for in the complaint.'' Here again is an unnecessary departure from the plain and express rule of law governing damages. Section 3333 of the Civil Code declares: ''For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby whether it could have been anticipated or not.'' The damages, therefore, permissible in such cases is the amount in money which will compensate for all injury *proximately* caused thereby. To say that the jury may award such damages as they *feel* the plaintiff is entitled to is the equivalent to telling them that they may give play to their emotions of sympathy for the injured child, emotions which, eminently proper in themselves, can have no

just place in fixing an award for actual damage. Thus, the jury would be justified in departing from the express rule that the damages must be proximate, and would be permitted, under the influence of their feelings to make an award which, based upon sympathy, would contain elements of damage, both speculative and remote. (*Erie Iron Works* v. *Barber*, 102 Pa. St. 156.)

3. The court, after instructing the jury as to the responsibility of defendant for failing to inform the child of the dangers surrounding its employment, proceeded: "If, on the other hand, you should find from the evidence that the child was of that character and possessed of such intelligence that it knew of the danger itself, that it was familiar with the danger of such work, the danger surrounding it, and that the negligence of the defendant did not contribute to the injury, then it would be your duty to find for the defendant." This instruction is clearly erroneous. If the negligence of the defendant did not contribute to the injury, that was an end to the liability of the defendant, under all circumstances and without regard to other considerations. If, however, the child, as in the instruction premised, was of sufficient intelligence to be able to comprehend, and did in fact comprehend, the danger surrounding its occupation, then no negligence could be imputed to defendant if it did not give the employee instructions upon that point. The insertion of the clause "and that the negligence of the defendant did not contribute to the injury" imports a wholly erroneous conception into the instruction. Having regard to the tender years of a minor employee, its capacity for understanding, and its opportunities to understand, if, with knowledge of the dangers, it voluntarily encounters the risk, and through its own negligence is injured, the employer is not responsible, whether he has instructed the child as to those dangers or not. (*Rodgers* v. *Central Pac. R. R. Co.*, 67 Cal. 608; *Baxter* v. *Roberts*, 44 Cal. 187;[1] Bailey on Master's Liabilities for Injuries to Servant, p. 114.) Moreover, even if the negligence of the defendant did "contribute to the injury," yet if plaintiff, having regard to his tender years and his capacity and opportunities for understanding, was himself negligent, there

[1] 13 Am. Rep. 160.

can be no recovery. (*Studer* v. *Southern Pac. Co.,* 121 Cal. · 400;[1] *McGraw* v. *Friend & Terry Lumber Co.,* 120 Cal. 574.)

4. The defendant proposed the following instruction, the giving of which was refused: "You are further instructed that the law requires of a child suing for personal injury, care and prudence equal to its capacity, and if you find from the evidence that the plaintiff in this action knew of the character of the machine which caused his injury and was aware of its dangerous character, and, knowing that fact, went to speak to the person operating said machine, and carelessly and negligently placed his hand on the machine so that the injury to plaintiff occurred or was inflicted without fault on the part of the defendant, then your judgment will be in favor of ' the defendant." That this instruction is unimpeachable in point of law is not gainsaid. (Bailey on Master's Liability for Injuries to Servant, p. 114, notes and cases.) But it is answered by respondent that the matter of the instruction was fully covered by an instruction actually given. That instruction was the one discussed under subdivision 3 hereof, and not only did not cover the matter proposed, but was in itself erroneous and injurious.

For the foregoing reasons the judgment appealed from is reversed and the cause remanded.

Lorigan, J., and McFarland, J., concurred.