LEHMAN, APPELLANT, v. KNAPP, RESPONDENT.

(No. 2,162.)

(Submitted October 6, 1905. Decided October 25, 1905.)

*Appeal—Verdict—Conflicting Evidence.*

1.  Where the evidence is conflicting, the verdict will not be disturbed on appeal.

*Appeal from District Court, Fergus County; E. K. Cheadle, Judge.*

ACTION by Charles Lehman, doing business under the firm name and style of Charles Lehman & Co., against Lottie Knapp, commonly known as Georgia Day. From a judgment for defendant, plaintiff appeals. Affirmed.

*Messrs. Blackford & Blackford,* for Appellant.

The jury were told in Instruction No. 8, that the presumption that the witness tells the truth may be repelled by his appearance on the stand, and that his credibility is measured by his appearance on the stand, his intelligence or lack of intelligence and from all surrounding circumstances appearing on the trial. Such is not the law in this state. The witness through embarrassment, physical deformity, or otherwise, may present a bad appearance to the jury and yet what he states may be absolutely true. He may appear, also, to lack intelligence and yet what he states may not vary from the truth in any particular. Yet the court here told the jury that they must take into consideration all these things in weighing the evidence of the witnesses and in determining which were the more worthy of credit and to give credit accordingly. Upon this question see *Fries* v. *American Lead Pencil Co.,* 141 Cal. 610, 75 Pac. 164.

*Mr. Frank E. Smith,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

This case is on appeal from an order denying plaintiff's motion for a new trial and from the judgment. Plaintiff sued defendant for a balance of $985.30 for merchandise alleged to have been sold and delivered to the defendant at her special instance and request. Defendant's answer denied that the plaintiff ever sold or delivered any of said goods to her, except certain articles sold and delivered to her amounting to the sum of $8.70, which sum she offered to pay at once. The case was tried before a jury, which found for defendant, and judgment was entered accordingly.

Although appellant devotes part of his argument to the point that the court's instructions were inconsistent in respect of the sum of $8.70, admitted by defendant to be due from her to plaintiff, still there is no complaint made to us that the court below did not cause judgment to be entered for that sum.

The record of the evidence shows that a woman called Leona, and the defendant, went to plaintiff to buy goods to furnish a house to be kept by the said Leona. The house belonged to defendant, and was by her leased to the other woman. The sole question raised by the pleadings and the evidence was this: To whom were the goods sold? Plaintiff charged them on his books to the defendant, and attempted to prove that they were sold to her on her own credit as original purchaser, and that she promised to pay for them.

Appellant specified error in that ''the verdict is not sustained by the evidence, upon the ground that the goods were not sold and delivered expressly upon the credit of the defendant.'' We suppose counsel mean that the contention of the defendant that the goods were not sold and delivered upon her credit is not sustained by the evidence. The evidence is conflicting upon the point, in our opinion, and for that reason the verdict may not be disturbed.

The second specification is like the one above mentioned. The other specifications relate to the instructions of the court

to the jury. Considering the theory upon which the case was tried by counsel and submitted, to-wit, solely upon the question as to whether the goods were sold upon the credit and original promise of defendant to pay for them, we do not find that the court erred in its instructions relating to the question so raised.

Attack is made upon the court's charge as to the credibility of witnesses. The opinion of the California court cited by appellant (*Fries* v. *American Lead Pencil Co.*, 141 Cal. 610, 75 Pac. 164) is not in point, as the instruction in that case is far from similar to the one given by the court in this case. We do not think that the instruction complained of was erroneous.

Not finding error on the part of the court, and the jury being, as we think, justified in its finding, the order and judgment appealed from must be affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.