[Civ. No. 2684.    Second Appellate District, Division Two.—May 19, 1920.]

## EDWARD FRANK BOWDEN, a Minor, etc., Respondent, v. L. J. HERBERGER et al., Appellants.

[1] ANIMALS—ATTACK BY DOG—ACTION FOR DAMAGES—CONFLICTING EVIDENCE—FINDING—APPEAL.—Where, as in this action to recover for injuries caused by the attack of a dog belonging to the defendants, in which there was sufficient evidence to warrant the jury in finding that the dog was vicious and that the defendants were aware of its viciousness, the appellate court will not disturb the verdict, notwithstanding there was a conflict in the testimony on the question.

[2] ID.—PROOF REQUIRED—IGNORANCE BY PLAINTIFF OF CHARACTER OF DOG—INSTRUCTIONS.—In such an action, a requested instruction "that the plaintiff's evidence must be sufficient to sustain the allegations of the complaint as to the vicious character of the dog and the defendants' knowledge thereof, and the plaintiff's ignorance thereof," is properly modified by striking therefrom the words "and the plaintiff's ignorance thereof." The owner of an animal, not naturally vicious, is liable for injury done by the animal if it was in fact vicious and the owner had knowledge of that fact.

[3] ID.—MISCHIEVOUS PROPENSITY OF DOG—INSTRUCTIONS.—In such an action, the use of the word "mischievous" in an instruction, given at the request of the plaintiff, that "before the plaintiff can recover you must find from the evidence, first, that the dogs before the biting, or alleged biting of the plaintiff complained of, were of a vicious, *mischievous* propensity, and accustomed to . biting mankind. Second, that the defendants had knowledge or notice of these characteristics," do not add to or detract from the efficacy of the instruction.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Griffith Jones, Warren L. Williams and Leland S. Bower for Appellants.

Riddle & Cheroske for Respondent.

2. Necessity for knowledge by owner of viciousness of domestic animal, note, 1 Ann. Cas. 205.

WELLER, J.—This is an action to recover for injuries to plaintiff, caused by the attack of a dog belonging to the defendants. A jury fixed the damages at one thousand dollars, and from the judgment entered on the verdict defendants appeal.

Defendants were the owners of two bulldogs, and kept them in defendants' back yard, which was inclosed with a high board fence, and from which a gate opened into the alley in the rear of the premises. Plaintiff, a minor six years of age, lived with his mother in the same block, and was accustomed to play in the alley. On the occasion of the injury, he was in the alley spinning a top. One of the dogs had escaped from defendants' premises into the alley, and Mrs. Herberger stood at the open gate calling him. From this point confusion reigned. No witness gives a clear statement of what occurred. Mrs. Herberger testified that as the dog approached her the boy threw the top at him, provoking the assault. Plaintiff denied being the aggressor, and stated that he struck the dog with the top after the animal bit him. But the result was that the dog attacked the boy, and inflicted the injuries upon which this action is based.

[1] Appellants challenge the sufficiency of the evidence to sustain the verdict, claiming a lack of proof that the dog was vicious and that the defendants were aware of its viciousness. Witnesses testified to previous attacks by the dogs · on other persons, and that knowledge thereof had been communicated to defendants. While there is a conflict in the testimony on this point, there is sufficient evidence to warrant the jury in finding as it did; and under the well-established rule, this court will not disturb the verdict.

[2] The second point urged by appellants is that the court erred in instructing the jury. Defendants requested the following instruction: "You are further instructed that the plaintiff's evidence must be sufficient to sustain the allegations of the complaint as to the vicious character of the dog and the defendants' knowledge thereof, and the plaintiff's ignorance thereof." The court modified the instruction by striking out the words "and the plaintiff's ignorance thereof." Counsel cites the case of *Haneman* v. *Western Meat Co.*, 8 Cal. App. 698, [97 Pac. 695], as authority for his assignment of such action by the court as error. The

court in that case did hold that the plaintiff was required to prove the allegations of his complaint that the horse was vicious, that the defendant knew of that fact, and that plaintiff was ignorant thereof. But that was an action by a servant against his master; and, as stated in the opinion, the employee assumes the risks that are ordinarily incident to the business in which he is employed.

The general rule is that the owner of an animal, not naturally vicious, is liable for injury done by the animal if it was in fact vicious, and the owner had knowledge of that fact. (*Finney* v. *Curtis*, 78 Cal. 498, [21 Pac. 120].) The instruction as given was in accord with that rule, and the court properly applied it.

The jury was fully instructed on the question of contributory negligence, and it was not limited in its scope to a child of tender years; so that the defendants had the advantage of the instruction as though plaintiff had been an adult and in full possession of his faculties.

[3] At the request of plaintiff the court gave the following instruction: "Before the plaintiff can recover you must find from the evidence, first, that the dogs before the biting, or alleged biting of the plaintiff complained of, were of a vicious, *mischievous* propensity, and accustomed to biting mankind. Second, that the defendants had knowledge or notice of these characteristics." Appellants assert that the use of the word *"mischievous"* imports a wholly erroneous conception into the instruction. In support of their criticism counsel cite *Fries* v. *American Lead Pencil Co.,* 141 Cal. 610, [75 Pac. 164]. We cannot find therein any analogy to the facts in the instant case. The word did not add to or detract from the efficacy of the instruction.

No other points are discussed by appellants, and we find no error in the record.

Judgment affirmed.

Finlayson, P. J., and Thomas, J., concurred.