[L. A. No. 5279. Department One.—May 21, 1920.]

NINA J. LITHERBURY, Respondent, v. HENRY KIMMET et al., Defendants; LOS ANGELES GAS AND ELECTRIC COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—MEASURE OF DAMAGES—ERRONEOUS INSTRUCTION.—In an action for personal injuries, an instruction that if the jury should find the plaintiff was entitled to recover, they should give her what in their discretion they thought she was entitled to under the evidence, provided the amount did not exceed that alleged in the complaint, was erroneous, but not sufficient to justify the setting aside of the verdict, where such instruction was immediately preceded by one which definitely and correctly informed the jury that if plaintiff was entitled to recover, the measure of her recovery was such a sum as would reasonably compensate her for her pain and injury.

[2] ID.—DRIVER OF MOTOR VEHICLE—SIGNAL OF INTENTION TO TURN.— It is the duty of the driver of a motor vehicle when proceeding along a street of a large city where the coming up of vehicles from behind is always to be anticipated to give a signal of his intention when about to make a turn, and the failure to do so without making certain there is no one behind him constitutes negligence.

[3] ID.—DAMAGES NOT EXCESSIVE—EVIDENCE.—A verdict of four thousand dollars cannot be considered as excessive in the face of testimony showing great pain and suffering and the receipt of injuries of a distressing and disabling character which would probably be permanent.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Paul Overton, Wm. A. Cheney, J. H. Powell, S. W. Guthrie, Samuel Poorman, Jr., and Herbert J. Goudge for Appellant.

2. Rules of road governing vehicles at intersection of streets and when turning across street, note, 41 L. R. A. (N. S.) 336.

Duty of operator of automobiles as to signals, notes, 38 L. R. A. (N. S.) 489; 51 L. R. A. (N. S.) 996.

3. Excessiveness of verdicts for personal injuries other than death, notes, 16 Ann. Cas. 8; Ann. Cas. 1913A, 1361; L. R. A. 1915F, 30.

Ralph F. Graham, Russell Graham and Minor Blythe for Respondent.

OLNEY, J.—This is an appeal from a judgment against the defendant, Los Angeles Gas and Electric Company, in the sum of four thousand dollars, as damages for personal injuries alleged to have been suffered by the plaintiff because of the negligence of the defendant. It seems that the plaintiff was a passenger in a so-called jitney motor bus on East Seventh Street, in Los Angeles, when the bus collided with a small motor truck, owned and operated by the Gas and Electric Company, and the plaintiff was injured. Originally, the jitney driver, the jitney owner, and the latter's surety were all made parties defendant with the Gas and Electric Company, but later the action was dismissed as to all except the last. The grounds upon which the defendant asks for a reversal are three: First, the insufficiency of the evidence to justify the verdict; second, certain alleged erroneous instructions; and third, that the amount of the verdict is excessive.

As to the first point the evidence for the plaintiff was to the effect that while the bus in which she was riding was close behind the defendant's truck going in the same direction and was endeavoring to pass it on the left, the truck suddenly and without warning turned to the left to go down an intersecting street, with the result that the bus ran into it. The defendant concedes that the jury having found for the plaintiff, this evidence must be taken to be true, but contends that it does not establish any causal connection between the failure of the truck driver to give any signal to those behind of his intention to turn to the left, and the collision which immediately followed. This contention is based on the testimony of the jitney driver that he first observed the truck just as he undertook to pass it, whence it is argued that even if the truck driver had given the usual signal of intention to turn to the left, the jitney driver would not have seen it, the collision would have occurred anyhow, and *ergo*, the failure of the truck driver to give the usual signal had nothing to do with the case.

This argument hardly needs discussion. It is based entirely on the assumption that the jitney driver would not

have seen the truck driver's signal, if the latter had given one. But there is no foundation whatever for the assumption. It may be true that the jitney driver did not observe the truck until he undertook to pass it, but it does not follow that he would not have seen a signal by the truck driver in ample time to avoid a collision, if the latter had given one a reasonable time in advance of his turning.

The erroneous instructions complained of are two. The first is as to the amount in which the jury might find for the plaintiff. It reads:

"If from the evidence in the case and under the instructions given you by the court the jury shall find that the plaintiff has sustained damages by reason of any personal injuries as charged in the complaint and that she is entitled to recover, then to enable the jury to estimate the amount of such damages it is not necessary that any witness should have expressed an opinion as to the amount thereof, but the jury should give her what in their discretion they think that she is entitled to under the proof in the case. The amount alleged in the complaint, however, is no criterion for you to go by, except that you cannot go beyond there— that is the limit—it is not even a guide to you in any other way. Anything within that amount you can find, if you find for the plaintiff."

[1] If this were all, the instruction would be clearly erroneous as leaving the jury free to find any amount they might think for any reason the plaintiff was entitled to, provided only the amount prayed for in the complaint were not exceeded. It would come clearly within the rule of *Fries* v. *American etc. Co.*, 141 Cal. 610, [75 Pac. 164]. But the instruction was immediately preceded by one which definitely and correctly informed the jury that if the plaintiff were entitled to recover, the measure of her recovery was such a sum as would reasonably compensate her for her pain and anxiety. This instruction reads:

"If the plaintiff is entitled to recover, the measure of her recovery is what is denominated compensatory damages; that is, such sum as will compensate her for the injury she has sustained; and in this case it would be such reasonable sum as the jury shall award her on account of pain and anxiety she has suffered by reason of her injury, or is reasonably certain to suffer therefrom in the future."

Reading the two instructions together, and, as we have said, they were actually given immediately together, it is plain enough to a lawyer that the very general language of the second instruction given (the first quoted above) has reference to a recovery measured by the specific rule of the preceding instruction and is controlled by it. This, however, might well not be so plain to a body of men, such as a jury, not trained in the construction of instruments and who may hear the instructions only and not have the advantage of seeing them together on the written page. It would have been better if the danger of such misunderstanding of the true effect of the instructions had been avoided as could easily have been done. While the instructions are open, we believe, to criticism in this respect, still the danger or probability of their having been misconstrued is not so great as to justify us in this case in setting aside the verdict.

[2] The second instruction complained of is one whereby the jury were charged that the state law requires the driver of a vehicle about to turn to give a signal of his intention if there are other vehicles whose movement will be affected by his turning. The defendant's point in regard to this instruction is that Los Angeles being a chartered city, the general laws of the state do not operate within its limits. It is not necessary for the purpose of this case, however, to determine this question. The point of the instruction was that it was the duty of the truck driver before turning to signal to any vehicle close behind, and that if he failed to do so he was guilty of negligence. This is true whether the state law applies or not. The necessity for the driver of a motor vehicle to signal before turning, and particularly before turning to the left, is so great, and the practice of signaling in such a case is so universal and so relied upon, that there is no room for a reasonable difference of opinion as to the conduct of a driver who fails to signal without making certain that there is no one behind him. He is guilty of negligence and the court is justified in so charging the jury.

[3] As to the point of excessive damages, it is enough to say that the evidence of the plaintiff and that given on her behalf which must now be taken as true showed great pain and suffering, and the receipt of injuries of a distressing and disabling character which would probably

be permanent. It is impossible in the face of this testimony to consider the sum of four thousand dollars allowed by the jury as excessive.

Judgment affirmed.

Shaw, J., and Lawlor, J., concurred.

Hearing in Bank denied.

In denying a hearing in Bank the court filed the following opinion on June 17, 1920:

THE COURT.—A rehearing is asked for in this case because of the claimed incorrectness of the following statement in the opinion:

"The necessity for the driver of a motor vehicle to signal before turning, and particularly before turning to the left, is so great, and the practice of signaling in such a case is so universal and so relied upon, that there is no room for a reasonable difference of opinion as to the conduct of a driver who fails to signal without making certain that there is no one behind him. He is guilty of negligence and the court is justified in so charging the jury."

We are satisfied as to the correctness of this statement as applied to the facts of the particular case, where the motor truck, whose sudden turning from its course to the left caused the collision, was proceeding along a street of a large city, where the coming up of vehicles behind it was always to be anticipated, and therefore necessarily guarded against, and there was nothing to relieve the driver of his obligation to exercise care in this respect. The statement was, however, not intended as one of universal application, and it is not difficult to conceive of cases to which it would not be at all applicable.

Rehearing denied.

All the Justices concurred, except Wilbur, J., who did not vote.