WILLIAM BAXTER AND HENRIETTA BAXTER, PLAINTIFFS, v. PUBLIC SERVICE TRANSPORTATION COMPANY, DEFENDANT.

Submitted May 11, 1928—Decided November 30, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiffs, *John J. Breslin, Jr.*

For the defendant, *Henry H. Fryling.*

PER CURIAM.

The two reasons assigned were that the verdict was against the weight of evidence and that the damages are excessive. The second reason is expressly abandoned; hence, we are concerned only with the question whether the verdict was against the weight of evidence. The suit arises out of a collision between an automobile driven by Miss Grace Baxter, the daughter of the two plaintiffs, a young woman seventeen years old at the time, and an auto bus of the defendant company driven by their servant. The burden of argument on behalf of the defendant is that the accident was due solely to Miss Baxter's negligence in suddenly turning to the left across the road in front of the bus which was close behind her without looking back or giving any warning signal. If this was clear upon the evidence, it might well be that the rule should be made absolute, although, even in this aspect, it should be remembered that the plaintiff William Baxter was not the owner of the car, but it was owned by his wife, and that he was a mere passenger in the car, so that as to him the defense of contributory negligence is largely out of the case.

The accident occured on Ridge road, an important highway in the county of Bergen. A Miss Leonard had been visiting the Baxters at their home, and apparently Grace undertook to drive Miss Leonard to her own home. Whether this be so or not, it was proposed that William Baxter, who was manager of a chain store some blocks to the south on the east side, was to be taken down to the store for the purpose of checking up on conditions and seeing that all was right, it being six o'clock P. M. on May 31st, which was a Monday and a legal holiday. At all events, the car was on its way southward and, principally or incidentally, Baxter was to alight on the east side of the road in front of the store.

There were some half dozen witnesses for the plaintiffs and about the same number for the defendant. The evidence, as usual, is contradictory, but all seem to agree on these facts: That Ridge road is a wide road with a twenty-foot amiesite roadway in the middle and about the same amount of dirt

road on each side, with no trolley tracks at this point. There were several vehicles in motion in the neighborhood, and all were going south. The car in which the plaintiffs were riding crossed streets known as Third avenue, second avenue and New York avenue. William Baxter's store was about seventy-five feet south of New York avenue on the east side of Ridge road and opposite a cemetery. The plaintiffs' theory of the case is that the Baxter sedan was well ahead of the bus going south and intending to turn across the road and draw up in front of the store, facing north and making a full turn without backing. Behind it was another pleasure car, and behind that the bus which had been trying to pass the other pleasure car; that Miss Baxter, after passing New York avenue, drew over somewhat to the right and wholly or partly off the amiesite so as to get room to turn, looked back in her mirror, put out her hand as a signal, saw nothing behind and started the turn; the other pleasure car passed on her right and she was across the amiesite and her front wheels were on the easterly dirt part of the road, her car squarely across the road, when the bus, instead of going behind her like the other private car, pulled to its left and hit the Baxter car about at the rear door. The defendant's witnesses differ as to the distance between the car and bus before the turn, some saying that it was a very few feet and that Grace gave no signal, that the windows of the sedan were closed, and that the bus driver did the best he could. The driver himself testified that he saw her pull over to the right and did not know whether she was going to park there or what she was going to do; that he was about fifteen feet behind when she started to turn, and blew no horn.

In a situation of this kind it was, in our estimation, plainly open to the jury to say that the driver of the bus, observing the conditions ahead of him, was required to use more caution than he did use in making sure as to what the car ahead of him was likely to do. Our conclusion is that the jury properly decided the case, both as to questions of negligence and contributory negligence, and the rule to show cause will, therefore, be discharged.