## WESLEY v. ENGLISH et al.

## SAME v. MICHEL.

### No. 7328.

Circuit Court of Appeals, Fifth Circuit.

June 9, 1934.

John M. Coe, of Pensacola, Fla., for appellant.

Joseph G. Dempsey, Jr., of New Orleans, La., E. Dixie Beggs, Jr., of Pensacola, Fla., and Harry W. Stewart, Jr., of Jacksonville, Fla., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

These two actions grow out of a collision between an automobile and an oil truck. The plaintiffs, Mrs. English and Miss Michel, occupants of the automobile, were injured in the collision, and each sued the defendant Wesley, owner of the truck, to recover damages, alleging that the collision was caused by the negligent operation of his truck. The defendant pleaded the general issue, and in addition contributory negligence on the part of Mrs. English, alleging that she carelessly drove her automobile into his truck. The trial of the cases together by consent resulted in verdicts and judgments in favor of the plaintiffs. The defendant appeals, and assigns error upon instructions given and charges requested but refused concerning the giving of signals by drivers of motor vehicles.

The accident happened on state highway No. 1, just inside the corporate limits of De Funiak Springs, Fla., a town of 2,600 inhabitants, about a mile east of the center of that town, at a point where a driveway leads at right angles from the north side of the highway into the bulk oil station of the defendant. Highway No. 1 is one of the main highways of the state. It is on a right of way 66 feet wide, is hard-surfaced to a width of 18 feet, and is much used by the traveling public. As Mrs. English, accompanied by her traveling companion Miss Michel, was driving her automobile east along that highway, and after she had passed through De Funiak Springs, she overtook defendant's truck, which was moving in the same direction, and was attempting to pass it when the collision occurred. The plaintiffs both testified that Mrs. English sounded her horn when she came within 25 or 30 feet of the truck; that the truck turned to the right as if to let her pass, but that as she was passing the entrance to the driveway the truck turned to the left and struck the rear of her car. The truck was on its way from the depot down town to defendant's oil station. It was equipped with

an oil tank located back of the driver's cab, and with shelves which extended six inches further out on each side than the cab; and on the shelf on the left side were two oil drums. The truck driver testified that he did not hear the horn or see the automobile until it was passing the door of the truck, but admitted that he neither looked to the rear nor in his rear vision mirror, which was located on the left door, to ascertain whether a car was closely approaching him from behind as he attempted to make the left turn onto the driveway. He testified further that before coming to the driveway he gave a signal with his hand to indicate that he was about to make a left turn. It is a fair inference from the undisputed testimony that in preparation for the square turn into the driveway the truck was swung to the right or south side of the highway, and that this maneuver was mistakenly interpreted by Mrs. English as one made for the purpose of permitting her to pass on ahead.

The court charged the jury that the driver of the truck was guilty of negligence if he made a left turn off the highway onto the driveway without giving the usual signal by extending his arm and pointing to the left, although there was no statute requiring the giving of hand or arm signals; that it was his duty before making a left turn from the right side of the highway to see or ascertain, assuming he did not know, whether there was a car in close approach behind him; and that Mrs. English was guilty of contributory negligence, and could not recover, if she failed to sound her horn within a reasonable distance behind the truck. But the court refused to charge as requested by defendant that Mrs. English was guilty of negligence as a matter of law if she failed to sound her horn at least 100 feet to the rear of the truck; or to direct a verdict for defendant on the ground that her negligence was the sole proximate cause of the collision. The charges given in Miss Michel's case need not be reviewed, as it seems to be conceded that she, being Mrs. English's invited guest, was entitled to recover if negligence in the operation of the truck was the proximate cause of her injury, even though Mrs. English was guilty of contributory negligence.

■ In our opinion defendant's truck driver, while using as he was a main state highway along which automobiles were liable to pass at any moment, was guilty of negligence, if before making a left turn off of the highway he failed to give a warning signal indicating his intention. Since the advent of the auto-mobile highway signals for the protection of life and property have been in such general use, so well understood, and so universally relied on by drivers of motor vehicles, that they have become established as common rules of the road. They do not need the aid of local laws. State statutes, unless they were uniform, would do vastly more harm than good. It is the general rule that a driver of a motor vehicle who before turning to the left off a public highway fails to give the appropriate signal is guilty of negligence. Litherbury v. Kimmet, 183 Cal. 24, 195 P. 660; Verrill v. Harrington, 131 Me. 390, 163 A. 266; Russell v. Williams (Miss.) 150 So. 528; Thompson v. Smith (Mo. Sup.) 253 S. W. 1023; 42 C. J. 937. Of the cases relied on by appellant in support of the opposite view, Government Street Lumber Co. v. Ollinger, 18 Ala. App. 518, 94 So. 177, decided in 1922 by the Court of Appeals of Alabama, was a case of a collision on a country road; and on rehearing the court conceded that the rule applicable to county highways might be different. Smith v. Clark, 125 Okl. 18, 256 P. 36, in which the Ollinger Case is cited with approval and quoted from at length, supports appellant's position, as did also Collins Baking Co. v. Wicker, 166 Miss. 264, 142 So. 8; but the latter is in conflict with the later decision of the same court in Russell v. Williams, supra. Gosma v. Adams, 102 Fla. 305, 135 So. 806, 78 A. L. R. 1193, although it too contains a quotation from the Ollinger Case, is not in point; for there the plaintiff was attempting to drive by another automobile at a street intersection in violation of a city ordinance.

■ Defendant's truck was so equipped and loaded as to obstruct the view of the driver of the overtaking car; and by his own admission the driver of the overtaken truck did not look in his rear vision mirror before turning in order to assure himself that the way was clear. The court gave a charge at defendant's request in which it was stated that the driver of a car owes no duty to another car in the rear until actually made aware of its presence, and may assume that the rear car will not interfere with his own free use of the road in any lawful manner; but modified that requested charge by declaring that it was the truck driver's duty before making a left turn from the right side of the highway to see whether there was an overtaking car immediately behind him. The modification was dealing separately with a requested charge which standing alone would have completely exonerated the defendant, even though his

truck driver failed to give any signal; it imposed a duty in lieu of, but not in addition to, the duty of giving a warning signal. Under these circumstances we do not think the modification complained of was erroneous.

The jury must have found that Mrs. English sounded the horn on her automobile within a reasonable distance behind the truck, since if they had not done so they would have been bound under the court's charge to find for the defendant. It is therefore a fact established by the verdict that the horn was sounded; but it stands admitted that it was not sounded as far back as 100 feet, the minimum distance prescribed by a statutory regulation. Florida Compiled General Laws, § 1296. In our opinion the failure to comply with that regulation could not, in view of the facts developed at the trial, possibly have contributed to bring about the collision. The only evidence on this subject was that of the plaintiffs who said the horn was sounded 25 or 30 feet behind the truck, and that of the truck driver and two others who were riding with him who denied hearing the horn. If the truck driver could not hear a horn 25 or 30 feet away, obviously he could not have heard one 100 feet away. As the evidence on the issues involved was in direct conflict, it was not error to refuse to direct a verdict for the defendant.

The judgment is affirmed.