### SOUTHERN KANSAS STAGE LINES v. GIBSON.
#### No. 1445.

Circuit Court of Appeals, Tenth Circuit.
Dec. 19, 1936.

Q. M. Dickason, of Tulsa, Okl. (Rogers & Stephenson, of Tulsa, Okl., on the brief), for appellant.

R. V. Lewis, of Tulsa, Okl. (R. D. Hudson and W. E. Hudson, both of Tulsa, Okl., on the brief), for appellee.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

This action for the recovery of damages is the outgrowth of a traffic accident which occurred on the main highway between Wagoner and Muskogee in Oklahoma. Plaintiff was a passenger for hire on defendant's bus traveling southward. A road enters the highway from the west at a point near the village of Wybark and there is a filling station on the east side of the highway immediately opposite that point. As the bus approached the village and while traveling at between forty and fifty miles per hour, it overtook a truck going in the same direction. The bus driver sounded his horn once or twice; the truck driver turned slightly to the right; and the bus driver turned to the left to pass the truck. When the bus was about even with the truck, the truck driver, without giving any signal, turned to the left across the highway to enter the filling station. The bus driver swerved the bus to the left to avoid a collision with the truck, and before the bus could be stopped it ran into the small building at the filling station. Plaintiff was thrown from her seat and suffered personal injuries. A verdict was returned in her favor. Judgment was rendered upon it and the company appealed.

It is argued that the court erred in denying the motion of the company for a continuance. The ground of the motion was the absence of necessary witnesses who were passengers on the bus. Statements taken from them soon after the accident occurred were attached to the motion. In denying the motion the court announced that the company should have the privilege of reading portions of the statements to the jury and no exception was taken to that action; and the company later read all of the statements to the jury. The desired evidence was merely cumulative. It is settled law that the granting or denial of a motion for continuance rests within the sound discretion of the trial court, and the ruling thereon does not present reversible error unless that discretion has been abused. Sanders v. Hall (C.C.A.) 74 F.(2d) 399. Clearly there was no abuse of discretion here and moreover, no exception was preserved.

Coming to the merits, the action of the court in denying a motion to direct a verdict for the company is challenged. The basis of the motion was the absence of substantial evidence to establish actionable negligence on the part of the bus driver. It is provided by statute in Oklahoma that a person driving a vehicle on the highway shall drive at a careful and prudent speed, having due regard for traffic, surface, width of the highway, and other existing conditions; that he shall not drive at a greater speed than will permit him to stop the vehicle within the assured clear distance ahead; also, that no motorbus or other motor vehicle transporting passengers for hire shall be driven at a rate of speed in excess of forty-five miles per hour. Section 10323, Oklahoma Statutes 1934 Supp. It is further provided that a vehicle shall, in passing other vehicles from the rear, keep to the left of the center of the highway and notice shall be given by a horn or other signal before an attempt is made to pass. Section 10327, O.S.1931. There was testimony that the bus was traveling at between forty and fifty miles per hour. In

addition, one witness estimated the speed at about forty-five miles, while the bus driver fixed it at forty miles. There was no definite testimony that he was exceeding forty-five miles per hour, and he sounded the horn once or twice before attempting to pass the truck. It follows that negligence predicated upon excessive speed alone, or failure to sound the horn as a signal was not established.

But the bus was approaching a filling station located immediately on the left side of the road, at which both northbound and southbound traffic was served. The driver must have known that southbound vehicles turned to the left across the highway in order to reach it. The truck was ahead and it had the paramount right to the road, either to continue on the right side, or to turn to the left and into the station. Of course, it was the duty of the truck driver to give an appropriate signal indicating his intention to turn, and his failure to do so constituted negligence on his part. Wesley v. English (C.C.A.) 71 F.(2d) 392; Litherbury v. Kimmet, 183 Cal. 24, 195 P. 660; Madison-Smith Cadillac Co. v. Lloyd, 184 Ark. 542, 43 S.W.(2d) 729; Government Street Lumber Co. v. Ollinger, 18 Ala.App. 518, 94 So. 177; Russell v. Williams, 168 Miss. 181, 150 So. 528, 151 So. 372. See also notes appended to Wright v. Clausen, 104 A.L.R. 480, 527.

With the negligence of the truck driver established, it still was a question for the jury to determine whether, in view of the degree of care the bus company was required to exercise for the safety of its passengers, it also was negligence for the bus driver to turn to the left and undertake to pass the truck at a speed of forty or fifty miles per hour when approaching the filling station into which the truck had the right to turn. Madison-Smith Cadillac Co. v. Lloyd, supra; McIver v. Allen, 33 Ariz. 28, 262 P. 5; Ritchey v. Watson, 204 Cal. 387, 268 P. 345; Jacoby v. Schafsnitz, 270 Mich. 515, 259 N.W. 322; Baxter v. Public Service Transportation Co., 143 A. 748, 6 N.J.Misc. 1099; Tillinghast v. Rhode Island Motor Sales Co. (R.I.) 150 A. 753; Stevens v. Dean, 6 La.App. 537. The court submitted that issue to the jury and it was resolved against the company. The finding is supported by substantial evidence and cannot be set aside on appeal.

Certain instructions and remarks of the court are drawn in question. No exceptions were taken to the original instructions. After the jury had deliberated for approximately three hours, they were called into court and stated that no progress had been made in their effort to reach a verdict. Upon inquiry as to whether they were having difficulty in understanding the instructions, a member asked a question in respect to the liability of the company for damages to its passengers even though it was not guilty of negligence. The court thereupon gave a further and more elaborate instruction on concurrent negligence, telling the jury that if the truck driver and the bus driver were both negligent and that such negligence concurred in causing the injuries which plaintiff suffered, the company would be liable. Counsel for the company then suggested that it would not be liable unless the bus driver was negligent. Prompted by that suggestion, the court told the jury directly and emphatically that plaintiff could not recover unless the bus driver was guilty of negligence. A general exception was then taken to the instructions. No part was specified and no reason was given. The jury retired for further deliberation and returned the verdict within about fifteen minutes. It is now said that the instructions and remarks were of such nature that they unduly influenced the jury; that the court should have been content to answer the inquiry of the juror in the negative; that instead of doing so, it went afield, pointed out the fact that there was a filling station by the roadside, and otherwise called attention to parts of the evidence most unfavorable to the company. In instructing on concurrent negligence, the court called attention to the facts disclosed by the evidence, including the location of the filling station; but that was reasonably necessary in explaining the law relating to concurrent negligence, and no undue emphasis was laid upon any part of the evidence.

Furthermore, under ordinary circumstances, an alleged error occurring in the trial must be called to the attention of the court by specific objection and exception. Aldridge v. United States (C.C.A.) 67 F.(2d) 956; Carpenter v. Connecticut General Life Ins. Co. (C.C.A.) 68 F.(2d) 69. A general exception to the instructions or a portion of them, without specifically pointing out the error relied upon does not present anything for review on appeal. Pennsylvania R. Co. v. Minds, 250 U.S. 368, 39 S.Ct. 531, 63 L.Ed. 1039; Burns v. United States, 274 U.S. 328, 47 S.Ct. 650, 71 L.Ed. 1077; Order of United Commer-

cial Travelers v. Greer (C.C.A.) 43 F.(2d) 499; Shannon v. Shaffer Oil & Refining Co. (C.C.A.) 51 F.(2d) 878, 78 A.L.R. 851; Hartford Accident & I. Co. v. Collins-Dietz-Morris Co. (C.C.A.) 80 F.(2d) 441; Mansfied v. United States (C.C.A.) 76 F.(2d) 224; Hall v. Aetna Life Ins. Co. (C.C.A.) 85 F.(2d) 447. The failure to lodge specific exceptions to the instructions forecloses consideration of the question.

The judgment is affirmed.