### MARLER v. UNITED STATES.
### KAISER v. UNITED STATES.
#### Nos. 433–P–Civ., 434–P–Civ.

United States District Court
N. D. Florida, Pensacola Division.
Jan. 8, 1952.

George Earl Hoffman, U. S. Atty., Pensacola, Fla., Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., for defendant.

John B. Amos, Fort Walton, Fla., for plaintiffs.

DE VANE, Chief Judge.

These two cases grew out of the same automobile accident and, for this reason, were consolidated for trial. The evidence in the cases shows that on August 11, 1950, at approximately 2:00 P.M., a cargo-type Air Force truck was traveling east on U. S. Highway #98 about one mile east of the Destin bridge in Okaloosa County, Florida. There is conflict in the evidence as to the speed at which the truck was traveling, but that conflict is unimportant in the disposition of these cases.

Traveling behind the Air Force vehicle was a truck owned and operated by plaintiff, Marler, and in his truck plaintiff, Kaiser, was a passenger. This truck was traveling at a slightly higher speed that the Air Force vehicle and plaintiff, Marler, overtook and was attempting to pass the Air Force vehicle when the accident occurred. The road was flat and the view straight and clear ahead. It was a clear day. Plaintiffs contend that the accident was caused solely by the negligence of the operator of the Air Force vehicle. Defendant contends that plaintiff, Marler, was guilty of contributory negligence. As plaintiff, Kaiser, was a passenger in the Marler truck no contributory negligence was or could be charged against him under the facts as shown by the evidence in these cases.

Since it is necessary to pass upon the matter of the liability of defendant to Kaiser the court will, first, consider the disposition of the question as to whether or not the defendant was negligent. The evidence shows that the Air Force vehicle was loaded with trash, in cans, which had been picked up at a Radar cite and was destined to a dump for the purpose of disposing of the trash. The cans loaded on to the truck completely obstructed the vision through the rear view mirror of the truck, but the truck was equipped with a side mirror which the operator claimed was in good condition and properly focused so as to reveal the approach of any other automobile from the rear.

The dump to which the Air Force vehicle was destined was located some distance to the left off U. S. Highway #98 and was reached by a dirt road leading from the highway. When the operator of the Air Force vehicle reached the point where the dirt road led from the highway to the dump he made a left turn into the path of plaintiff, Marler's, truck, which he testified he had not seen and did not know was approaching or attempting to pass him. The operator of the Air Force vehicle also testified he gave a hand signal indicating a left turn before making same. A government employee, assisting in the disposition of the trash was seated in the rear of the Air Force vehicle and was fully aware of the approach and efforts of plaintiff, Marler, to pass the government truck at the point of the accident, but made no effort on his part to warn Marler of the intended left turn of the driver of the Air Force vehicle.

■■ It is well settled law that the driver of any automobile, in making a left turn from the right side of a busy highway, owes to those behind him a duty to see whether there was an overtaking car immediately behind him. Wesley v. English, 5 Cir., 71 F.2d 392, 393. In this particular case this duty rested heavily on the operator of the government vehicle. The view through the rear view mirror was completely obstructed and the evidence shows that the truck was so broad that the arm signal given by the operator of the government vehicle only allowed the fingers of the hand to extend beyond the body of the truck. These facts taken into consideration in connection with the testimony of the

driver of the Air Force vehicle, that he did not see through the side mirror the approaching truck of Marler, clearly establishes negligence on the part of the government employee.

■■ The court now passes to the question of whether Marler was guilty of contributory negligence, for, if he was, his contributory negligence will defeat his right to recover. Highway #98, at the point of the accident, contained no warning signs of the side-road intersection, but the highway was not new to Marler, as he had used it many times. The side road was clearly visible to Marler as he attempted to pass the Air Force vehicle and this placed an additional burden upon Marler to avoid an accident, should the Air Force vehicle attempt to make a left turn onto the side road.

In addition, the horn on Marler's truck was out of order and he was unable to give a warning signal of his intention to pass the Air Force vehicle at this point. This placed upon him a double duty to be cautious in passing the Air Force vehicle and to make as certain as it was reasonably possible for him to do so that an accident was avoided. It is of the utmost importance that every operator of a motor vehicle on heavily traveled highways be held to a high degree of caution, measured by the circumstances in each case, to avoid an accident. The evidence in this case clearly establishes contributory negligence on the part of plaintiff, Marler.

■ The evidence in the case also clearly shows that plaintiff, Kaiser, was a pickup passenger riding with Marler in his truck; that he had nothing whatever to do with the operation of said truck and the contributory negligence of Marler, therefore, may not be attributed to him. Arline v. Brown, 5 Cir., 190 F.2d 180.

■ The court has already held defendant guilty of negligence in the case and the only question in the Kaiser case, therefore, is the amount of damages he is entitled to recover. The evidence shows that Kaiser suffered a broken left leg and a knee injury from which he claims limited permanent injury and ten (10%) percent disability. He was hospitalized at Eglin Field Air Base Hospital for over five months, during which time his leg was in traction for sixteen (16) weeks. He testified he is a mechanic by trade, but was not employed at the time and the evidence does not show any substantial employment in the past. He was enroute to Jacksonville, Florida, hoping to find work at the time of the accident. He testified that when he worked he earned about $40.00 a week. He is 60 years of age and testified that since he recovered from the accident he has worked at selling papers, earning about $1.75 a day. He incurred no medical expenses and all he is entitled to recover in this case is for pain and suffering endured as a result of the accident, the wages he lost while he was incapacitated and any future wages he may lose by reason of his permanent disability, if any.

The court awards plaintiff, Kaiser, $2,-500.00 for pain and suffering and $1,500.00 for loss of earnings. This latter figure covers not only the loss of earnings while plaintiff was hospitalized and unable to return to work after discharged from the hospital, but it also covers any loss of future earnings. At the time of the trial plaintiff, Kaiser, did not appear to be suffering under any disability that should prevent him from pursuing his regular vocation.

A Judgment will be entered in each case in conformity with this Memorandum Decision.

## Final Judgment

This cause coming on to be heard before the court, and the evidence having been submitted by the respective parties, which was heard and considered by the court, and the court having filed its Memorandum Decision herein, and in conformity therewith it is,

Ordered and adjudged that the said plaintiff, Glen C. Marler, shall take nothing by this cause, and that the defendant shall go hence without day. The cost of this suit shall be taxed by the Clerk of this court against the said plaintiff, Glen C. Marler.

## Final Judgment

This cause having come on for trial before this court and the court having heard all testimony offered in said cause by both parties and having prepared and filed its Memorandum Decision, in pursuance thereof it is

Ordered and adjudged that said plaintiff, August J. Kaiser, do have and recover of and from the defendant, The United States of America, damages in the sum of $4,000.-00 (Four Thousand Dollars).